[Nos. B041326, B046777. Second Dist., Div. Seven. June 14, 1991.]

BRENT TALMO, Plaintiff and Respondent, v.
CIVIL SERVICE COMMISSION OF LOS ANGELES COUNTY et al.,
Defendants and Appellants.

**COUNSEL**

De Witt W. Clinton, County Counsel, and Stephen R. Morris, Deputy County Counsel, for Defendants and Appellants.

Green & Shinee, Richard A. Shinee and Audrey Heller for Plaintiff and Respondent.

**OPINION**

**JOHNSON, J.**—The central issue in this case is whether the civil service commission abused its discretion in upholding the discharge of a deputy sheriff who committed batteries on two prisoners, uttered threats and racial slurs against a co-employee and lied about these actions to his superiors. After hacking our way through a thicket of procedural issues, we conclude the commission acted well within its discretion in discharging Deputy Brent Talmo.

FACTS

The commission's findings of fact are uncontested.

Deputy Talmo was discharged by the Los Angeles County Sheriff's Department for violating numerous sections of the sheriff's department's manual of policies and procedures. The letter of discharge described these actions as "bizarre behavior and unprofessional conduct." Some of Talmo's conduct involved destruction of county property, such as pouring dirt in the gas tank of a county vehicle. But the more serious charges against Talmo involved abuse of jail inmates and lying about these acts to his superiors. In one instance, Talmo placed a dead gopher in the pocket of a prisoner. He

then falsely denied to a superior officer he had done this act and attempted to get another deputy to lie on his behalf. In another instance, Talmo lifted up the bed of a sleeping prisoner and tipped it over causing the prisoner to fall to the floor face first and suffer a bloody nose. Talmo wrote an injury report on this incident claiming the prisoner had tipped the bed over himself in his sleep. The commission also found Talmo telephoned a jail guard and called him a "fucking snitch" and "nigger."

Talmo previously had been given a two-day suspension for having "inhumanely handcuffed two inmates in a holding cage."

### PROCEEDINGS BELOW

Talmo appealed his discharge to the civil service commission. The commission appointed a hearing officer who took evidence pertaining to the charges against Talmo. The hearing officer found Talmo had engaged in the conduct described above. She recommended, however, the penalty of discharge be reduced to a 90-day suspension.

The commission adopted the hearing officer's findings but not her conclusion. Instead the commission voted to uphold the discharge. The parties were given notice of this proposed decision and an opportunity to comment. Talmo filed objections to some of the evidentiary findings and to the decision to uphold his discharge.

Upon receiving Talmo's objections, the commission, on April 22d, voted to adopt the hearing officer's recommendation of suspension rather than discharge. (We will refer to this as the commission's April 22d decision.) The commission again gave the parties notice of this decision and an opportunity to comment only on the issue of penalty. The sheriff's department objected to the proposed suspension and argued for Talmo's discharge.

On May 20th, the commission reversed itself on the issue of penalty and adopted its original position sustaining Talmo's discharge as the commission's final decision on the matter. (We will refer to this as the commission's May 20th decision.)

Talmo filed a petition for writ of mandate under Code of Civil Procedure section 1094.5 to obtain court review of the commission's May 20th decision. Talmo contended the commission's April 22d decision, in which it ordered a 90-day suspension, constituted the commission's final decision under its rules and the commission lacked jurisdiction to reopen the matter and issue the May 20th decision reversing the order imposing suspension and imposing discharge instead. Talmo also contended the May 20th deci-

sion upholding his discharge was an abuse of discretion because he was denied progressive discipline and treated more harshly than other deputies who had committed similar acts of misconduct.

The trial court found there was substantial evidence to support the commission's findings and that "the accusations found to have been proven are sufficient grounds for discharge." On the issue of the commission's jurisdiction to render its May 20th decision, the court found any objections to the commission's proceedings had been waived. However, the trial court also concluded the record lacked any findings pertaining to Talmo's claims he was denied progressive discipline and punished more harshly than other deputies who had committed similar acts. Therefore, the court granted a judgment ordering a writ of mandate issue directing the commission to make additional findings, through its hearing officer, on the progressive discipline and disparate treatment questions. Talmo appealed from this judgment insofar as it denied him reinstatement based on the commission's lack of jurisdiction to amend its April 22d decision. (See pt. I of the discussion below.)

On remand to the commission, the hearing officer made findings with respect to Talmo's claim he was denied progressive discipline and punished more harshly than deputies who committed similar acts of misconduct. The hearing officer found the sheriff's department normally follows the principle of progressive discipline when it punishes its deputies. She also found other deputies had engaged in pranks and horseplay similar to that engaged in by Talmo. However, as to the charges of battery, making false reports, lying to supervisors and making threats and racial slurs against a fellow employee, the hearing officer did not find similar conduct on the part of other deputies.

The commission adopted the hearing officer's original and additional findings of fact and sustained Talmo's discharge. Talmo then made a motion in the trial court for a supplemental writ of mandate directing the commission to set aside its decision upholding his discharge on the ground the commission's decision was an abuse of discretion. After briefing and argument, the trial court granted Talmo's motion and ordered a supplemental writ to issue directing the commission to reinstate Talmo subject to a 90-day suspension.

The County of Los Angeles appeals from the order granting the supplemental writ. (See pts. II-IV below.)

For the reasons set forth below, we affirm the trial court's original judgment insofar as it denied Talmo reinstatement based on the commission's lack of jurisdiction to amend its April 22 decision. We reverse the trial

court's order after judgment granting a supplemental writ of mandate directing the commission to order Talmo's reinstatement.

DISCUSSION

## I. THE COMMISSION'S "NEW PROPOSED DECISION" IMPOSING SUSPENSION INSTEAD OF DISCHARGE WAS NOT A FINAL DECISION OF THE COMMISSION. THEREFORE, IT WAS SUBJECT TO REVISION.

■■■ Talmo contends the commission's April 22 decision that he be suspended for 90 days was final under the commission's own rules and could not be further amended or reversed by the commission. Therefore, the commission's May 20 decision to discharge Talmo was null and void because it exceeded the commission's jurisdiction.

In making this argument, Talmo relies on rule 4.13(E) of the civil service commission (rule 4.13 (E)) which, at the time of these proceedings, provided:

"If either party files objections to the proposed findings and conclusions within the time specified above and the commission believes that the objections or parts thereof have validity, the commission shall amend the proposed findings and conclusions accordingly; and *as so amended, they constitute the final decision of the commission.*" [Italics added.]

We review, briefly, the relevant procedural facts. The commission's first decision adopted the hearing officer's findings and conclusions except for the conclusion discharge was not appropriate. Instead, the commission sustained the sheriff's action discharging Talmo. The parties were given notice of this proposed decision and were afforded the opportunity to file objections. Talmo filed timely objections to certain of the findings and to the decision to sustain the discharge. The sheriff did not file objections and did not respond to Talmo's objections. On April 22 the commission sustained Talmo's objections on the issue of discharge only and issued a "new proposed decision" adopting the hearing officer's recommendation of suspension rather than discharge. The parties were afforded the opportunity to file objections to the April 22 decision only with respect to the issue of discharge versus suspension. The sheriff objected to suspension and urged the commission to uphold Talmo's discharge. After receiving the sheriff's objections, the commission reversed its position a second time and returned to its original position upholding Talmo's discharge.

Talmo argues the commission's April 22 decision was final as a matter of law because under rule 4.13(E) the commission can amend its proposed

findings and conclusions only once "and as so amended, they shall constitute the *final* decision of the commission." (Italics added.) The April 22 decision having become final, the commission lacked jurisdiction to further amend, modify, reconsider or reverse it.

 If we accept Talmo's premise, that the April 22 decision was the commission's final decision, then his conclusion, the commission lacked jurisdiction to alter it, is incontestable.[1]

██ It is well settled an administrative agency is bound by its own rules and regulations. (*Bonn* v. *California State University, Chico* (1979) 88 Cal.App.3d 985, 990 [152 Cal.Rptr. 267].) ██ Under California law, a civil service commission has no inherent power to set aside an order once it is final. (*Heap* v. *City of Los Angeles* (1936) 6 Cal.2d 405, 407 [57 P.2d 1323].) There being no express authority for the commission to set aside a final order, an attempt to do so is beyond the commission's jurisdiction and void. (*Ibid*; and see *Lindell Co.* v. *Board of Permit Appeals* (1943) 23 Cal.2d 303, 323 [144 P.2d 4]; *Civil Service Assn.* v. *Redevelopment Agency* (1985) 166 Cal.App.3d 1222, 1227 [213 Cal.Rptr. 1].)

The leading California case on an agency's jurisdiction to reconsider a final decision is *Heap* v. *City of Los Angeles, supra,* which, coincidentally, also involved a civil service commission determination. Heap was discharged from his employment with the city, and the discharge was upheld on appeal by the city's civil service commission. A month later the commission adopted a motion rescinding its previous order and ordered Heap restored to duty. The city cited a provision of its charter which provided an order of the commission "with respect to . . . removal, discharge, or suspension . . . shall be final and conclusive." Based on that provision, the city argued, when the commission acted on the matter it exhausted its jurisdiction and the subsequent resolution restoring Heap to duty was void. (*Heap* v. *City of Los Angeles, supra,* 6 Cal.2d at pp. 406-407.)

The Supreme Court held the commission lacked jurisdiction over the matter after rendering its initial decision and its subsequent resolution purporting to reinstate Heap was void. The court stated:

---

[1]We disagree with the trial court's suggestion Talmo waived any objection to the commission's May 20 decision by failing to object to its announced intention to reconsider the April 22 decision on the issue of penalty. Once the commission loses jurisdiction by rendering a final decision it cannot reacquire jurisdiction by the consent of a party. (Cf. *Grant* v. *Superior Court* (1963) 214 Cal.App.2d 15, 24 [29 Cal.Rptr. 125].)

Furthermore, we find no merit in the commission's claim the April 22d decision did not amend the commission's findings and conclusions but only its penalty determination. Under rule 4.13(E) the commission's findings and conclusions "shall constitute the final decision of the commission."

" 'The jurisdiction of the commission is a special and limited one. (*Peterson* v. *Civil Service Board*, 67 Cal.App. 70 [227 Pac. 238].) The required procedure was followed, and the question of appellant's discharge was determined by the commission when it adopted the first resolution. Its action sustaining his discharge was "final and conclusive". (*Krohn* v. *Board of Water & Power Commissioners*, 95 Cal.App.289, 296 [272 Pac. 757].) It had no jurisdiction to retry the question and make a different finding at a later time. The charter gives no such grant of power, and it may not be implied. "A civil service commission has no inherent power after entering a final order dismissing an officer from the service to entertain a motion for new trial or rehearing and review and set aside its prior order." (43 Cor. Jur. 682. See, also, *Cook* v. *Civil Service Commission*, 160 Cal. 598, 600 [117 Pac. 662].)' " (6 Cal.2d at p. 407.) The court based this holding on public policy grounds, reasoning:

"[T]he rule stated above, that a civil service commission has no such power in the absence of express authorization, is sound and practical. If the power were admitted, what procedure would govern its exercise? Within what time would it have to be exercised; how many times could it be exercised? Could a subsequent commission reopen and reconsider an order of a prior commission? And if the commission could reconsider an order sustaining a discharge, could it reconsider an order having the opposite effect, thus retroactively holding a person unfit for his position? These and many other possible questions which might be raised demonstrate how unsafe and impracticable would be the view that a commission might upset its final orders at its pleasure, without limitations of time, or methods of procedure." (6 Cal.2d at pp. 407-408.)

 As we noted above, *if* we accepted Talmo's premise the commission's April 22 decision was a final decision under rule 4.13(E), *Heap* would be controlling and Talmo would be entitled to reinstatement subject to a 90-day suspension. However, we do not accept the premise the April 22d decision was final for the reasons we will explain.

It is clear the commission did not intend to issue a final decision on April 22 imposing a suspension from duty rather than a discharge. The commission's intent was to obtain comment from the sheriff on the issue of suspension in lieu of discharge. The sheriff had not previously commented on suspension of Talmo, presumably because the commission's proposed decision was to uphold the sheriff's action in discharging Talmo. While it might have been prudent for the sheriff to submit written argument in support of the commission's proposed decision to uphold Talmo's discharge, the sheriff had not done so. This may be explained by the fact rule 4.13(E) referred only to filing *objections* to the commission's proposed decision.

Because the sheriff obviously had no objection to a proposed decision upholding his discharge of Talmo he was at least discouraged, if not precluded, from filing an argument in support of the commission's proposed action.[2]

The commission owes a duty to the employee and to the public to make a fair and informed decision on discipline matters. If, as was the case here, the commission believed it needed further information from one of the parties in order to exercise its judgment the commission surely had the authority to obtain such information. The decision as to *when* a case is ready to be decided is a matter of judgment for the commission to determine. (See *Wyatt* v. *Arnot* (1907) 7 Cal.App. 221, 228 [94 P. 86]; *Engel* v. *McCloskey* (1979) 92 Cal.App.3d 870, 883 [155 Cal.Rptr. 284].)

Talmo makes much of the fact the commission labeled its April 22 order a "new proposed decision." He reasons that because rule 4.13(E) does not recognize such a thing the order must, by default, be deemed the commission's final order. Courts should avoid mechanical application of a rule which would produce an inequitable result. Such an inequitable result would follow if the sheriff was denied the opportunity to argue why a deputy should be found unfit for service and discharged. If the commission's April 22 order had been labeled "Request for Comment" or "Request for Reply to Proposal to Suspend" or something similar, Talmo would have no grounds to object. To sustain his objection simply because the commission labeled its order "new proposed decision" exalts form over substance.

The case before us does not present the problems alluded to in *Heap* which arise if an agency is allowed to set aside a final decision. (See *Heap* v. *City of Los Angeles, supra,* 6 Cal.2d at pp. 407-408 quoted, *ante,* p. 219.) We do not hold the commission was authorized to set aside its final decision on Talmo's discipline. We hold only that under the facts of this case, the April 22d decision was not the commission's final decision.

For the reasons set forth above, the trial court's judgment is affirmed insofar as it denied a writ of mandate ordering Talmo's reinstatement.

---

[2]Subsequent to the Talmo proceeding, the commission amended rule 4.13 to ensure it receives the views of both parties. Rule 4.13(D) now provides:

"D. If either party files objection to the proposed findings and conclusions within the time specified above and the commission believes that the objections or parts thereof have validity, the commission shall amend the proposed findings and conclusions accordingly, *and shall notify the parties that the amended findings and conclusions are a new proposed decision. Any party who has not previously filed objections shall have 10 business days from the date of the notice of the new proposed decision to file objections to that decision. The commission shall then consider those objections, and notify the parties of its final decision.*" (Italics added.)

## II. The Trial Court's Order Granting a Supplemental Writ of Mandate Is Appealable by the County. The County Counsel May Represent the County in Such an Appeal.

Talmo argues the county's appeal from the order granting a supplemental writ should be dismissed because the county lacks standing to appeal. He further argues county counsel cannot represent the county in its appeal because such representation would constitute a conflict of interest with the civil service commission. Finally, he argues that having failed to appeal the initial judgment in this matter the county is barred by estoppel or res judicata from contesting the trial court's order granting a supplemental writ. None of these arguments have merit.

Again, we review the relevant procedural facts.

Following the commission's May 20 order affirming Talmo's discharge, Talmo filed a petition for administrative mandamus under Code of Civil Procedure section 1094.5. The commission and the county were both named as respondents. The petition alleged the commission abused its discretion in sustaining his discharge because it failed to proceed in the manner required by law; the decision was not supported by the findings; the findings were not supported by substantial evidence; and the penalty of either suspension or discharge was disproportionately harsh and excessive. The commission and the county filed a joint answer to the petition. After briefing and oral argument the trial court issued a statement of decision followed by a judgment and peremptory writ of mandate. The writ ordered the commission to set aside its decision sustaining Talmo's discharge and remanded the matter to the commission directing it "to instruct your Hearing Officer to make further findings of fact, consistent with the Court's Statement of Decision dated December 5, 1988, on the following issues:

"1. Was conduct similar to that perpetrated by Petitioner perpetrated, detected and tolerated as to other deputies at the Honor Ranch?

"2. Was Petitioner subjected to disparate treatment by being denied progressive discipline which was provided to other similarly situated deputies?

"3. Was the discipline imposed upon Petitioner herein appropriate in light of the treatment afforded other employees who engaged in similar conduct, or was it disparate?

"The hearing officer may, if she deems it appropriate, conduct further hearings to take evidence to permit her to make these findings; if she is

satisfied with the state of the record, she may simply make the required additional findings based upon existing evidence."

In its statement of decision, the trial court explained the reasoning behind the writ. The court agreed with Talmo's contention the commission had acted in excess of its jurisdiction in issuing the April 22 "new proposed decision" but refused to order Talmo's reinstatement on that ground because the court viewed the commission's act as "invited error."[3] The trial court disagreed with Talmo's contention discharge was too harsh a penalty for his actions. The court stated, "There is ample evidence in the record to demonstrate that the accusations which the hearing officer found to be proven did, in fact, occur. It is also clear that the accusations found to have been proven are sufficient grounds for discharge." The court concluded, however, the matter had to be remanded for further findings on Talmo's claim his discharge was unlawful because he was denied "progressive discipline" and because his punishment, discharge, was more severe than that imposed on deputies guilty of the same or similar conduct. Therefore the court remanded the matter to the commission for findings on the issues set out in the writ quoted above.

Talmo appealed this judgment insofar as it denied him reinstatement. Neither the commission nor the county cross-appealed from this judgment.

On remand, the hearing officer made additional findings of fact based on the existing record. The hearing officer found:

"[C]onduct similar to that perpetrated by Talmo was perpetrated, detected and tolerated as to other deputies at the Honor Ranch.

"When the Department administers correction for infractions, it normally does so according to the principles of progressive discipline.

"Talmo was denied progressive discipline administered by the Department to other deputies." The hearing officer again recommended against discharge.

The commission adopted the hearing officer's original and additional findings but again rejected the recommendation of suspension and upheld the sheriff's discharge of Talmo.

Talmo then filed a motion in the trial court under Code of Civil Procedure section 1097 to compel compliance with the court's original judgment which

---

[3]See part I of this opinion, *ante*, pages 217-220.

Talmo interpreted as mandating a punishment less severe than discharge if the hearing officer found Talmo had been denied progressive discipline or that he was the victim of disparate treatment.

After another round of briefing and oral argument the trial court concluded, on the basis of the commission's findings, the commission abused its discretion in sustaining Talmo's discharge. The court issued a supplemental writ of mandate directing the commission to modify its decision by ordering Talmo reinstated with backpay subject to a 90-day suspension. The county filed a timely notice of appeal.

A. *The County Has Standing to Appeal.*

██ Talmo points out, correctly, the civil service commission is autonomous in nature and distinct from the county's corporate identity. (*Department of Health Services* v. *Kennedy* (1984) 163 Cal.App.3d 799, 802 [209 Cal.Rptr. 595].) ██ It does not follow from this, however, the commission is the only party with standing to appeal. The county was named as a respondent in Talmo's writ petition and in his motion to compel compliance. The county appeared and answered the petition and has participated as a party throughout these proceedings. The supplemental writ is directed to the county as well as to the commission. Furthermore, the county has a beneficial interest in this litigation. It was the county, through its sheriff's department, which hired and fired Talmo, and it is the county which would have to reinstate Talmo, pay his backpay, arm him with a badge and a weapon and loose him once again on the public. The county is clearly an aggrieved party and entitled to pursue this appeal.

B. *There Is No Conflict of Interest Between the Civil Service Commission and the County.*

██ Talmo argues the office of the county counsel cannot represent the county on this appeal because it represented the civil service commission below and a conflict of interest exists between the county and the civil service commission. The conflict of interest, according to Talmo, arises from the fact the commission chose not to appeal the order granting the supplemental writ of mandate.

We find no merit in Talmo's argument. This is not a case in which a county department is challenging the decision of the commission. (Cf. *Civil Service Com.* v. *Superior Court* (1984) 163 Cal.App.3d 70, 73 [209 Cal.Rptr. 159]; *Department of Health Services* v. *Kennedy, supra,* 163 Cal.App.3d at p. 801.) Throughout these proceedings the county has supported the final decisions of the commission which upheld the county's discharge of Talmo.

Having rendered a final decision upholding Talmo's discharge, the commission is bound by that decision. (See Discussion, *ante*, p. 217.) Even if the commission now privately believes it was wrong and the trial court was right, its public position is that Talmo was correctly discharged. Thus, there is no conflict between the county and the commission. In any case, we do not construe the commission's failure to appeal as acquiescence in the trial court's order but rather a decision to allow the beneficially interested and aggrieved party, the county, to pursue the issue of Talmo's discharge.

C. *The County Is Not Estopped From Appealing the Trial Court's Order Granting a Supplemental Writ.*

 Talmo argues the trial court's statement of decision, incorporated into its February 7 judgment, ruled as a matter of law that if the commission found Talmo was denied progressive discipline or disciplined more severely than other deputies who engaged in similar conduct then his discharge would be an abuse of discretion. The county did not appeal this judgment and the commission adopted the hearing officer's findings Talmo was denied progressive discipline and deputies who committed similar acts were not discharged. Therefore, Talmo contends, the county is barred from challenging the order granting a supplemental writ in which the trial court merely applied the legal rule it announced in its earlier judgment. If the county had objections to this result, Talmo argues, it should have appealed the judgment.

 A final judgment operates as an estoppel as to issues actually litigated and determined in the action. (7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, § 253 and see also § 193.) However, we know of no doctrine of prospective collateral estoppel in which a party is bound to appeal an *anticipated* legal ruling or be barred from appealing that ruling if and when it is actually made. The trial court remanded the matter for further findings of fact and a new decision by the commission. The county was not obligated to appeal abstract questions of law. The proper procedure, which the county followed, was to await a new decision by the commission and the outcome of any further court review of that decision.

Talmo relies on *Carroll* v. *Civil Service Commission* (1970) 11 Cal.App.3d 727 [90 Cal.Rptr. 128], but that case is clearly distinguishable.

In *Carroll*, the petitioner was fired for stealing a dollar from the employees' coffee fund. The civil service commission upheld his discharge and Carroll petitioned for review under Code of Civil Procedure section 1094.5. The trial court held that firing Carroll for stealing a dollar was " 'an arbitrary and clear abuse of discretion.' " (11 Cal.App.3d at p. 730.) The court's

judgment ordered a writ of mandate issue directing the commission " 'to set aside [its] order affirming the summary dismissal of petitioner . . . and to redetermine the penalty imposed . . . .' " The judgment also ordered the commission " 'to reexamine all of the evidence and the entire record and to impose a penalty for the taking of the One Dollar that is fair, just and reasonable.' " (*Ibid.*) This judgment was not appealed.

The commission reconsidered Carroll's appeal and reaffirmed his discharge. Carroll filed a motion in the trial court for an order compelling the commission to comply with the court's previous judgment. The trial court found its previous judgment " 'clearly ordered respondent to restore to petitioner the position of employment previously held. . . .' " (11 Cal.App.3d at p. 731.) In other words, the previous judgment held an order affirming discharge was an abuse of discretion. The court then went on to add new provisions to its previous judgment. (*Ibid.*)

The commission appealed requesting the appellate court to reverse the trial court's initial judgment directing the commission to set aside its order dismissing Carroll and to impose a different penalty and to reverse the second order adding new provisions to the initial judgment. The Court of Appeal held it was too late for the commission to challenge the trial court's initial judgment. The court noted the commission did not appeal the initial judgment and the time for appeal had expired. Therefore, the court held, "[t]hat order has become final and it is not within our power to reverse it, whatever our views may be as to the severity of the penalty imposed by the commission. The finality of that order is not affected by the fact that subsequent proceedings may have become necessary to enforce the order." (11 Cal.App. at p. 733.)[4]

In the present case, the trial court set aside the commission's order sustaining Talmo's discharge but it did not hold discharge was an abuse of discretion as the trial court did in *Carroll*. To the contrary, the trial court in the present case held "[i]t is clear that the accusations found to have been proven are sufficient grounds for discharge." The judgment in the present case set aside the commission's decision and remanded the matter to the commission for further findings and a new decision taking into account Talmo's defense of discriminatory treatment in the severity of his punishment. Unlike *Carroll*, the judgment here did not preclude the commission from again sustaining Talmo's discharge. The court only concluded the existing findings "do not provide a factual basis upon which a court can make a judgment as to whether or not the ultimate discipline of discharge

---

[4]The court held the trial court's second order was appealable to the extent it modified the initial judgment. (*Ibid.*; see Code Civ. Proc., § 904.1, subd. (b).)

was a gross abuse of discretion." The court noted that *if* additional findings supported Talmo's claim of discriminatory treatment "it *might* well establish that petitioner's discharge was a gross abuse of discretion." (Italics added.)

It is clear from the trial court's statement of decision that, unlike the trial court in *Carroll,* the court here did not find Talmo's discharge an abuse of discretion; only that it *might* be an abuse of discretion depending on the new findings after remand. Talmo focuses on the trial court's statement, "in sum, this record does not support the discipline imposed upon this petitioner." This statement must be read in context. The court had earlier stated, "the accusations found to have been proven are sufficient grounds for discharge." The later statement cited by Talmo only refers to the lack of findings on Talmo's defense of discriminatory treatment.

Upon remand, the commission referred the matter of Talmo's defense to the hearing officer who made additional findings of fact as directed by the trial court's order. The commission adopted these findings and, again, upheld Talmo's discharge. Talmo sought review of this second commission decision by way of a motion to compel compliance with the original judgment.[5] At the hearing on the motion the trial court stated it did not intend its first judgment as an order to the commission to "rubber stamp" the hearing officer's findings or to deny the commission authority to exercise its ordinary discretion on whatever findings were presented. The court made clear the difference between the first and second hearings was that at the first hearing "we didn't have these findings. Now, we have the findings." On the basis of the new findings after remand the court found Talmo's discharge an abuse of discretion.

Whether or not the commission abused its discretion in upholding Talmo's discharge is now ripe for appellate review.

III. AN APPELLATE COURT REVIEWS DE NOVO THE QUESTION WHETHER AN AGENCY ABUSED ITS DISCRETION IN IMPOSING A PENALTY.

 It is well settled that in a mandamus proceeding to review an administrative order the determination of penalty by the administrative body will not be disturbed unless there is a clear abuse of discretion. (*Barber* v.

---

[5]The proper procedure would have been to file a new petition under Code of Civil Procedure section 1094.5. (*Professional Engineers in Cal. Government* v. *State Personnel Bd.* (1980) 114 Cal.App.3d 101, 110-111 [170 Cal.Rptr. 547].) However, the appealability vel non of the order granting a supplemental writ is not contested. (Code Civ. Proc., § 904.1, subd. (b); *Carroll* v. *Civil Service Commission, supra,* 11 Cal.App.3d at p. 733.)

*State Personnel Bd.* (1976) 18 Cal.3d 395, 404 [134 Cal.Rptr. 206, 556 P.2d 306]; *Brown v. Gordon* (1966) 240 Cal.App.2d 659, 666 [49 Cal.Rptr. 901].)

■■■ The standard of review on appeal from a judgment granting or denying a writ of mandate as to an administrative penalty is not as well settled. The majority view is stated in *Osburn v. Department of Transportation* (1990) 221 Cal.App.3d 1339, 1344 [270 Cal.Rptr. 761].

"When review of an administrative determination by administrative mandamus is sought and the trial court has applied an abuse of discretion standard, the scope of review is the same in the appellate court as it was in the superior court. The appellate court must determine whether the administrative agency exercised its discretion to an end or purpose not justified by all the facts and circumstances being considered." (Accord: *Brown v. Gordon, supra,* 240 Cal.App.2d 667; *Schmitt v. City of Rialto* (1985) 164 Cal.App.3d 494, 501 [210 Cal.Rptr. 788]; *Chodur v. Edmonds* (1985) 174 Cal.App.3d 565, 574 [220 Cal.Rptr. 80]; *County of Santa Clara v. Willis* (1986) 179 Cal.App.3d 1240, 1250 [225 Cal.Rptr. 244].) Thus, the majority of appellate courts review de novo the agency's exercise of discretion in imposing a penalty.

A contrary view was expressed in *Toyota of Visalia, Inc. v. Department of Motor Vehicles* (1984) 155 Cal.App.3d 315 [202 Cal.Rptr. 190]. There, the court held, "The question of the appropriateness of a penalty is a mixed question of law and fact to which the appellate court may defer to the trial court on the basis of the substantial-evidence rule. . . . [¶] We do not believe that one can say *as a matter of law* the penalties of [license] revocation in the instant case are excessive or not excessive. The correctness of the penalty is not so apparent that only one inference can reasonably be drawn from the proved or admitted facts. Consequently . . . we conclude the issue of excessiveness of the penalty is more an issue of fact than law." (*Id.* at pp. 326-327; italics in original.)

*Toyota of Visalia* was criticized in *Schmitt v. City of Rialto, supra,* to the extent it holds or otherwise indicates that on review of the severity of an administrative penalty the appellate court reviews the *trial court's* determination to see if it is supported by substantial evidence rather than reviewing the *agency's* determination de novo to determine if it was an abuse of discretion. (164 Cal.App.3d at p. 501.) The *Schmitt* opinion points out the court in *Toyota of Visalia* confused the question whether the board's factual findings are supported by substantial evidence with the question whether the board's penalty decision is an abuse of discretion considering those findings.

(164 Cal.App.3d at pp. 501-502.) Thus, *Schmitt* concluded, the case relied on by *Toyota of Visalia* was not on point because in that case, *Lacy v. California Unemployment Ins. Appeals Bd.* (1971) 17 Cal.App.3d 1128 [95 Cal.Rptr. 566], the issue was whether the plaintiff was guilty of misconduct and the question on appeal was whether substantial evidence supported the trial court's determination plaintiff was not guilty of misconduct. *Lacy* was not a case involving the review of an administrative penalty. (*Schmitt v. City of Rialto, supra,* 164 Cal.App.3d at pp. 501-502.)

We agree with the analysis by Justice Kaufman in *Schmitt.* We also find additional reasons for rejecting the views expressed in *Toyota of Visalia.* The court in that case concluded it could not say as a matter of law whether the penalties were excessive or not. The correctness was "not so apparent that only one inference can reasonably be drawn from the proved or admitted facts." (155 Cal.App.3d at p. 327.) Therefore, the court deferred to the trial court's judgment. The court does not explain why the correctness of the penalty was any more apparent to the trial court than to the appellate court. More important, the situation described by the court, where reasonable minds could differ over the penalty, is exactly the situation where the court must find no abuse of discretion by the *agency.* (*Harris v. Alcoholic Beverage etc. Appeals Bd.* (1965) 62 Cal.2d 589, 594 [43 Cal.Rptr. 633, 400 P.2d 745].)

Furthermore, the formulation of the standard of review in *Toyota of Visalia* would eviscerate the rule a court cannot substitute its discretion for that of the administrative agency on the degree of punishment to be imposed. (See, *Barber v. State Personnel Bd., supra,* 18 Cal.3d at p. 404.) Under *Toyota of Visalia,* superior courts could substitute their views on the appropriate penalty for those of the agencies and the appellate courts would be powerless to reverse these decisions so long as they were supported by substantial evidence. The administrative agency would be relegated to the role of an advisory body and the appellate courts to a role more appropriate in reviewing jury verdicts in automobile accident cases. (See *Lacy v. California Unemployment Ins. Appeals Bd., supra,* 17 Cal.App.3d at p. 1135, fn. 2.)

We note the standard of review formulated in *Toyota of Visalia* has not been followed by other appellate courts, not even by the district that decided it. (*Osburn v. Department of Transportation, supra,* 221 Cal.App.3d at p. 1344.)[6]

---

[6] *Toyota of Visalia* was distinguished in *Williamson v. Board of Medical Quality Assurance* (1990) 217 Cal.App.3d 1343, 1346 [266 Cal.Rptr. 520]. In *Noguchi v. Civil Service Com.* (1986) 187 Cal.App.3d 1521, 1543 [232 Cal.Rptr. 394], we stated, without citation to any

## IV. The Commission Did Not Abuse Its Discretion in Upholding Talmo's Discharge.

The hearing officer found Talmo engaged in serious acts of misconduct including battery on inmates and lying to his superiors to cover up his acts. Talmo tipped over the bunk of a sleeping inmate causing the inmate to fall to the floor and suffer a bloody nose. Talmo then wrote a false report on the incident claiming the prisoner had tipped the bunk over on himself in his sleep. In another incident, Talmo placed a dead gopher in a prisoner's pocket and when confronted by a supervisor denied doing it. Talmo also made a threatening telephone call to a co-employee calling the employee a "fucking snitch" and "nigger." Again, Talmo falsely denied his action.

The commission adopted the hearing officer's findings on these incidents and those findings are not challenged on appeal. The trial court found those acts of misconduct constituted sufficient grounds for discharge. We agree. It is difficult to imagine conduct more deserving of discharge than committing battery on prisoners and then lying about it to superior officers. Without doubt the public was entitled to rid itself of a deputy who demonstrated such a callous disregard for the duties of his profession. Because discharge was clearly warranted in this case, the cases cited by Talmo reversing discharge as an abuse of discretion are inapposite. In each of these cases the court found discharge was too harsh given the nature of the infractions. (See *Boyce* v. *United States* (1976) 211 Ct. Cl. 57 [543 F.2d 1290, 1292]; *Albert* v. *Chafee* (9th Cir. 1978) 571 F.2d 1063, 1068.)

Talmo does not challenge the commission's findings he committed battery on prisoners, made threats and racial slurs against a co-employee and that he falsely denied these actions to his supervisors. Rather, he claims discharge was too severe a penalty for his actions and the sheriff's department first should have been required to try suspension to correct Talmo's behavior. Furthermore, Talmo contends, he was the victim of discriminatory treatment because other deputies committed similar acts of misconduct but were not discharged. We find no merit in Talmo's claims.

While at common law, every dog was entitled to one bite, we know of no rule of law holding every deputy sheriff is entitled to commit

authority, "The issue is whether there was substantial evidence to support the superior court's determination that there was no abuse of discretion in [Noguchi's] demotion."

It does not appear appellate standard of review was made an issue by the parties in *Noguchi*, as it is in the present case. Moreover, the text of our opinion in *Noguchi* shows we reviewed the commission's penalty determination de novo rather than reviewing the trial court's judgment for substantial evidence to support its decision upholding the commission. (187 Cal.App.3d at pp. 1546-1549.) In any event, we conclude based on the foregoing analysis, the issue statement in *Noguchi* does not reflect the correct rule of law.

one battery on a prisoner before he or she can be discharged. The question whether progressive discipline was appropriate in Talmo's case was a matter within the commission's discretion. (*Paulino* v. *Civil Service Com.* (1985) 175 Cal.App.3d 962, 971 [221 Cal.Rptr. 90].) ■ In reviewing the exercise of this discretion we bear in mind the principle "[c]ourts should let administrative boards and officers work out their problems with as little judicial interference as possible. . . . Such boards are vested with a high discretion and its abuse must appear very clearly before the courts will interfere." (*Maxwell* v. *Civil Service Commission* (1915) 169 Cal. 336, 339 [146 P. 869]; accord: *Skelly* v. *State Personnel Bd.* (1975) 15 Cal.3d 194, 217 [124 Cal.Rptr. 14, 539 P.2d 774].) ■ The "overriding consideration" in cases of public employee discipline "is the extent to which the employee's conduct resulted in, or if repeated is likely to result in, '[h]arm to the public service.' " (*Id.* at p. 218.)

■ We find no abuse of discretion in discharging Talmo in the first instance. When an officer of the law violates the very law he was hired to enforce and lies about it to his superiors he forfeits the trust of his department and the public. (Cf. *Cranston* v. *City of Richmond* (1985) 40 Cal.3d 755, 770, fn. 13 [221 Cal.Rptr. 779, 710 P.2d 845]; *Paulino* v. *Civil Service Com., supra,* 175 Cal.App.3d at p. 972.) Furthermore, it is not accurate to say the sheriff did not apply principles of progressive discipline to Talmo. Talmo had previously been given a two-day suspension for having "inhumanely handcuffed two inmates in a holding cage." The commission could reasonably conclude Talmo's abusive conduct toward prisoners should no longer be tolerated.

Talmo's final argument is that he was treated unfairly because other deputies committed similar acts and were not discharged. Talmo's argument is not supported by the commission's findings. Even if it was, it would not establish an abuse of discretion.

There are no findings in this case that other deputies committed batteries on prisoners, made threats and racial slurs towards co-employees and lied to their superiors about their conduct but received less harsh treatment than Talmo.

Even if such findings had been made, they would not establish an abuse of discretion in discharging Talmo. When it comes to a public agency's imposition of punishment, "there is no requirement that charges similar in nature must result in identical penalties." (*Coleman* v. *Harris* (1963) 218 Cal.App.2d 401, 404 [32 Cal.Rptr. 486], accord: *Marino* v. *City of Los Angeles* (1973) 34 Cal.App.3d 461, 466 [110 Cal.Rptr. 45]; *Butz* v. *Glover Livestock Comm'n. Co.* (1973) 411 U.S. 182, 187 [36 L.Ed.2d 142, 147-148,

93 S.Ct. 1455]; and see *Nicolini* v. *County of Tuolumne* (1987) 190 Cal.App.3d 619, 637 [235 Cal.Rptr. 559].)

A deputy sheriff's job is a position of trust and the public has a right to the highest standard of behavior from those they invest with the power and authority of a law enforcement officer. Honesty, credibility and temperament are crucial to the proper performance of an officer's duties. Dishonesty is incompatible with the public trust. Abuse of power cannot be tolerated. The commission acted well within its discretion in discharging Brent Talmo from his position as a deputy sheriff.

### DISPOSITION

The judgment granting a peremptory writ of mandate is affirmed. The order after judgment granting a supplemental writ of mandate is reversed and the trial court is ordered to vacate the supplemental writ. Appellant County of Los Angeles is awarded its costs on appeal.

Lillie, P. J., and Woods (Fred), J., concurred.