Filed 9/15/22  Tunucci v. City and County of S.F. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| VERONICA TUNUCCI,<br><br>     Plaintiff and Appellant,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO et al.,<br><br>     Defendants and Respondents. | A163344<br><br>(City & County of San Francisco Super. Ct. No. CPF-21-517418) |

Plaintiff Veronica Tunucci works in the Office of the Assessor-Recorder (Department) for the City and County of San Francisco (City).  In 2019, the Department imposed a five-day suspension on Tunucci for insubordination and unprofessional conduct.  She challenged the suspension; a mutually selected third party neutral conducted an evidentiary hearing, found that Tunucci had been insubordinate and engaged in unprofessional conduct, and affirmed the suspension.  Tunucci thereafter filed a petition for writ of administrative mandamus in the trial court, but the court denied the writ after concluding substantial evidence supported the suspension.  Tunucci — representing herself — appeals.  She contends she was deprived of a fair trial and insufficient evidence supported her suspension.  We disagree and affirm.

1

## BACKGROUND

The Department, among other things, receives documents for recording property, determines whether the documents are recordable, and maintains public records for all taxable property. Tunucci was a supervisor of the recording unit, where she oversaw ten employees and determined whether documents submitted for recordation met recording standards. Tunucci reported directly to the recording and transactions manager, Kurt Fuchs.

On October 26, 2018, Fuchs gave Tunucci a verbal warning regarding inappropriate behavior. In one instance, Tunucci accused a City employee of intentionally excluding her work area from an office redesign, and she refused to speak with a deputy director about the incident. In another incident, Tunucci chastised a Department manager about decisions regarding a project, stating in an e-mail, " '[t]his was another less than stellar plan from you and [Fuchs].' " On two separate occasions in October, Tunucci publicly berated Department managers. Given the foregoing, Fuchs warned Tunucci that e-mails and communications "with an accusatory and chastising tone[] are not appropriate to send to any Department employees." Shortly after, Tunucci e-mailed the human resources department and expressed her belief that the warning was in retaliation for her filing a discrimination complaint on behalf of one of her employees earlier that month.

In November 2018, Tunucci received a written warning for inappropriate workplace behavior; again, the warning concerned her e-mails and communication. She sent a manager an e-mail alleging he fabricated reports about her conduct and sought to destroy relationships — a communication Fuchs deemed inflammatory and violative of his previous verbal warning. The written warning noted "similar incidents may lead to further discipline, up to and including dismissal."

2

On May 16, 2019, the Department received a parcel division grant deed. An examiner flagged that the deed lacked a proper granting clause. The same day, Fuchs instructed Tunucci to reject the document. He also sent an e-mail to the recording unit —including Tunucci — noting there is no provision that would allow recording of the deed. Tunucci thereafter rejected the deed. The next day, the deed was again submitted for recording, and Tunucci asked Fuchs how to proceed. During a meeting with Tunucci, Fuchs stated the deed should once more be rejected. She questioned why, but Fuchs did not indicate he had changed his mind about rejecting the deed. Nevertheless, shortly after the meeting, Tunucci sent an e-mail directing her employees to record the deed.

A few days later, Fuchs sent staff an e-mail noting the deed should not have been recorded and explaining why future deeds with the same deficiencies should be rejected. Tunucci forwarded this internal e-mail to personnel at other agencies — including the City's real estate division and the City Attorney's Office — as well as Fuchs and directors of the Department. She asked the external agencies to clarify why the document should have been recorded and to justify her actions to Fuchs. Tunucci and the other agencies removed Fuchs from their subsequent e-mail exchanges, including an e-mail regarding how to placate Fuchs and another in which Tunucci thanked these agencies for defending her.

The Department subsequently charged Tunucci with insubordination — as relevant here, for disregarding Fuchs's directive to reject the deed — and unprofessional conduct — for soliciting external feedback and ratification for her actions; it recommended a five-day suspension. After a *Skelly v. State Personnel Board* (1975) 15 Cal.3d 194

(*Skelly*)[1] hearing, the hearing officer agreed with the Department's charges and found Tunucci engaged in insubordinate and unprofessional behavior. The Department suspended Tunucci for five days in September 2019.

Tunucci sought review by a third party neutral, Christopher D. Burdick. At a June 2020 hearing, Tunucci represented herself and had an opportunity to present evidence and cross-examine witnesses. Burdick ultimately found she engaged in insubordinate behavior by ordering staff to record a deed that Fuchs clearly stated should be rejected. Burdick rejected her argument that suspension was inappropriate because the Department lacked rules regarding insubordination and unprofessional conduct. He noted arbitrators have previously held employee discipline is appropriate for disregarding a supervisor's orders even in the absence of a rule precluding that type of insubordination. He also found Tunucci engaged in unprofessional conduct by attempting to ratify her decision to record the document, undermining Fuchs's decision-making authority. The five-day suspension, according to Burdick, was not arbitrary or capricious given the prior warnings Tunucci received in October and November 2018 regarding inappropriate conduct.

Tunucci subsequently filed a petition for writ of administrative mandamus to set aside Burdick's decision, arguing the findings were unsupported by the evidence and the hearing was substantively and procedurally defective.[2] (Code Civ. Proc., § 1094.5, subd. (a); undesignated

---

[1] Under *Skelly*, employees must be afforded administrative procedures including an opportunity to respond to charges upon which discipline is based. (*Skelly*, *supra*, 15 Cal.3d at p. 215.)

[2] Although Burdick was named as a respondent in Tunucci's petition for a writ of administrative mandamus, the parties stipulated Burdick was not required to file a response to her petition.

4

statutory references are to this code.)  The trial court denied the writ.  It concluded she received a fair trial and Burdick's decision was supported by the evidence.  The five-day suspension, according to the court, was also fair because Tunucci received progressive discipline regarding her communications in the form of the October and November 2018 warnings.

**DISCUSSION**

In certain circumstances, a trial court may review an administrative agency's final decision via a writ of administrative mandamus.  (§ 1094.5, subd. (a) [review authorized where decision is made as a result of a mandatory hearing at which evidence must be taken, and determination of facts is vested in the inferior tribunal or board].)  The petitioner must demonstrate the agency acted without or in excess of jurisdiction, there was no fair trial, or there was a prejudicial abuse of discretion.  (*Id.*, subd. (b).)  An "abuse of discretion is established if the court determines that the findings are not supported by substantial evidence in light of the whole record."  (*Id.*, subd. (c).)  The relevant standard of review in the trial court depends on the nature of the right affected by the administrative decision.  (*Ibid.*; *MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 217.)  When the decision substantially effects a fundamental vested right, such as suspension of a professional license or termination, the court exercises its independent judgment to determine whether the evidence supports the administrative decision.  (§ 1094.5, subd. (c); *MHC Operating*, at p. 217; *Bixby v. Pierno* (1971) 4 Cal.3d 130, 145.)  In all other circumstances, the court reviews the whole administrative record for substantial evidence.  (§ 1094.5, subd. (c).)

Where the trial court reviewed the administrative decision for substantial evidence, as here, rather than independently reviewing the

record, we review the entire administrative record to determine whether substantial evidence supports the *agency's* decision, not the trial court's decision. (*MHC Operating Limited Partnership v. City of San Jose, supra*, 106 Cal.App.4th at pp. 217–218.) In doing so, we determine whether any evidence or reasonable inferences from the evidence, viewed in the light most favorable to the administrative order, will support the findings of fact. (*Antelope Valley Press v. Poizner* (2008) 162 Cal.App.4th 839, 849, fn. 11.) We do not resolve evidentiary conflicts, reweigh the evidence, or assess the credibility of witnesses. (*Do v. Regents of University of California* (2013) 216 Cal.App.4th 1474, 1492.) The person challenging the findings has the burden of showing the findings are unsupported or incorrect. (*Antelope Valley Press*, at p. 849, fn. 11.) We review whether the penalty imposed was an abuse of discretion, that is, arbitrary, capricious, or patently abusive. (*Cassidy v. California Bd. of Accountancy* (2013) 220 Cal.App.4th 620, 627–628.)

Preliminarily, we reject Tunucci's argument that the trial court erroneously reviewed Burdick's decision under a "reasonable person" standard rather than for substantial evidence. The court expressly applied " 'the substantial evidence test,' " stating it could not substitute its own judgment if the administrative decision " 'is one which could have been made by reasonable people.' " Whether a "reasonable person could reach the conclusion reached by the administrative agency, based on the entire record before it" is a component of the substantial evidence review. (*Do v. Regents of University of California, supra*, 216 Cal.App.4th at p. 1490.) The court applied the correct standard of review.

More importantly, the evidence amply supported the finding Tunucci engaged in insubordinate behavior. Fuchs directed Tunucci to reject a deed

6

that did not comply with statutory requirements. He e-mailed the recording unit, including Tunucci, noting there is no provision that would allow recording of that deed to effect a parcel split. There is no dispute Tunucci initially rejected the document. The next day, after the same deed was again submitted, Fuchs met with Tunucci and instructed her to reject the deed. Despite this, Tunucci told her employees to record the deed, directly contradicting Fuchs's directive. Tunucci's suggestion that recording the deed was appropriate under the Government Code does not alter our conclusion. Aside from making conclusory statements, she has failed to develop any argument that Fuchs's directive was in fact contrary to the law. (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119 [appellate court not required to consider alleged error "where the appellant merely complains of it without pertinent argument"].) The relevant issue here is whether Tunucci disregarded her supervisor's directive, not whether recording the deed could be justified under a statute. And while Tunucci urges us to reject Fuchs's testimony regarding the sequence of events in favor of conflicting evidence — i.e., her recollection of a meeting in which Fuchs indicated the deed *could* be recorded with any deficiencies fixed at a different date — her argument ignores the standard of review. (*Do v. Regents of University of California*, *supra*, 216 Cal.App.4th at p. 1492.) Burdick considered the conflicting evidence and credited Fuchs's testimony. We defer to that credibility assessment here.

Similarly, substantial evidence supports the finding Tunucci engaged in unprofessional conduct. After the deed was improperly recorded, Fuchs sent the Department an e-mail outlining and explaining his instructions on handling future deeds with similar deficiencies. Without first discussing it with Fuchs, Tunucci forwarded his internal e-mail to personnel in other City

7

agencies, requesting their input on Fuchs's views. Individuals at those agencies acknowledged Tunucci's intention was, in part, to placate Fuchs, who was excluded from several e-mails. Tunucci told the other agencies' employees that they were "very kind to come to [her] defense." Viewed in its entirety, it is reasonable to conclude Tunucci's conduct undermined Fuchs's decision-making authority within the Department and his relationship with other City departments, and was thus unprofessional. Tunucci has not persuaded us otherwise. (*Antelope Valley Press v. Poizner*, *supra*, 162 Cal.App.4th at p. 849, fn. 11.)

We reject Tunucci's assertion, relying on Government Code sections 19571 and 19572, she was not unprofessional or insubordinate since she did not violate an explicit rule or policy. Those statutes, authorizing discipline of any *state* civil service employee only for a delineated cause, are inapplicable to City employees.[3] (Gov. Code, §§ 19571, 19572; *Deegan v. City of Mountain View* (1999) 72 Cal.App.4th 37, 49–50.) Burdick, relying on prior arbitration decisions — which Tunucci does not challenge — determined conduct could be deemed insubordinate or unprofessional even in the absence of a technical rule or regulation. Those decisions conclude it is unreasonable for employees to believe they are free from discipline for disregarding a supervisor's orders in the absence of a rule or regulation against "insubordination." Tunucci fails to identify any other authority that she cannot be charged with insubordination and unprofessional conduct in the absence of explicit rules against that behavior. (*Ewald v. Nationstar Mortgage, LLC* (2017) 13 Cal.App.5th 947, 948 ["We repeatedly have held that the failure to provide

---

[3] Even if the Department were required to adhere to those statutes here — which we do not find — they authorize discipline for discourteous treatment of other employees. (Gov. Code, § 19572, subd. (m).)

legal authorities to support arguments forfeits contentions of error"].) In any event, as Tunucci acknowledged below, the Department had a policy for employees to "conduct themselves at all times in a professional manner."

With respect to Tunucci's five-day suspension, the circumstances surrounding her misconduct and the likelihood of its recurrence convince us this discipline was not an abuse of the Department's discretion. (*Skelly*, *supra*, 15 Cal.3d at p. 218.) In October and November 2018, Tunucci received two warnings regarding inappropriate behavior; notably, the November warning determined Tunucci had engaged in behavior she had previously been warned about one month earlier. The November warning also expressly advised Tunucci of further discipline "up to and including dismissal" if she had further incidents of inappropriate behavior. Tunucci nonetheless engaged in inappropriate behavior again in May 2019 by ignoring Fuchs's directive and engaging in unprofessional conduct. Given these repeated warnings and continued inappropriate behavior, it was reasonable to infer Tunucci would likely engage in inappropriate behavior again. (*Ibid*.)

The five-day suspension was not disproportionately harsh compared to the gravity of the offense, contrary to Tunucci's suggestion. We cannot substitute our discretion regarding the degree of punishment imposed if the Department acted within its discretion. (*Deegan v. City of Mountain View*, *supra*, 72 Cal.App.4th at pp. 46–47 ["[i]f reasonable minds may differ as to the propriety of the penalty imposed, there has been no abuse of discretion"].) We also reject Tunucci's assertion the penalty is inappropriate because she never received any prior warnings expressly regarding insubordination or unprofessional conduct. Aside from citing a comment interpreting unemployment and disability compensation regulations (Cal. Code Regs., tit. 22, foll. § 1256-36, com. before example 1) — regulations that are not

9

applicable here — Tunucci fails to cite anything to support her assertion employees must have a warning regarding the specific inappropriate conduct before the employee may be disciplined. Regardless, by first warning Tunucci multiple times about her inappropriate behavior and then suspending her for insubordination and unprofessional conduct — additional inappropriate behavior — the Department complied with principles of progressive discipline. (*Talmo v. Civil Service Com.* (1991) 231 Cal.App.3d 210, 230 [two-day suspension followed by discharge was progressive discipline].)

Finally, we reject Tunucci's remaining arguments. First, she was not deprived of due process. Prior to being suspended, Tunucci was provided a copy of the insubordination and unprofessional conduct charges, and the materials upon which the action was based. (*Skelly*, *supra*, 15 Cal.3d at p. 215.) She was given a hearing during which she could respond to the Department's charges and disciplinary action. (*Ibid*.) After the hearing, she submitted additional amendments to the evidence she presented to the hearing officer, to which the Department then responded; she was not precluded from presenting evidence to contest her charges. Second, Burdick and the trial court did not err by failing to conclude the Department's suspension was in retaliation for her filing a discrimination complaint on behalf of another employee. Burdick did not rule on that issue because Tunucci had a federal Equal Employment Opportunity Commission retaliation complaint and internal Department retaliation complaint pending at the time of her hearing. Tunucci has not identified any authority that this decision was erroneous.

## DISPOSITION

The judgment is affirmed. The parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

10

_____
Rodríguez, J.

WE CONCUR:


_____
Tucher, P. J.


_____
Petrou, J.

A163344

11