57 Cal.Rptr.3d 84 (2007)
149 Cal.App.4th 464
William B. KOLENDER, as Sheriff, Plaintiff and Respondent,
v.
SAN DIEGO COUNTY CIVIL SERVICE COMMISSION, Defendant and Respondent;
Margaret Gant, Real Party in Interest and Appellant.
No. D048919.
Court of Appeal of California, Fourth District, Division One.
March 27, 2007.
*86 Sanford A. Toyen, Robert P. Faigin, Office of the Sheriff, San Diego, CA, for Plaintiff and Respondent.
Fern M. Steiner, Tosdal, Smith, Steiner & Wax, San Diego, CA, for Real Party in Interest and Appellant.
*85 HUFFMAN, Acting P.J.
Plaintiff and respondent, San Diego County Sheriff William Kolender (the Sheriff), demoted his employee, real party in interest and appellant Margaret Gant, from a supervisorial position in the detention processing unit to detention processing technician. Gant appealed to the San Diego County Civil Service Commission (the Commission), which reduced the penalty to a temporary demotion and reinstated her as a supervisor.
The Sheriff filed a petition for writ of administrative mandate, requesting the superior court to vacate the Commission's order, asserting the charges of incompetence were supported by substantial evidence and the Sheriff was required to take this action to protect the public service. (Code of Civ. Proc.,[1] § 1094.5; Hankla v. Long Beach Civil Service Commission (1995). 34 Cal.App.4th 1216, 1222-1223, 40 Cal.Rptr.2d 583 (Hankla).) The trial court granted the petition because it found the Commission had abused its discretion in reducing Gant's penalty in light of the admitted sentencing errors she had made, and also in light of prior discipline she had received for ignoring Sheriffs department directives regarding staffing.
Gant contends we should reverse the trial court's decision because (1) the Commission did not abuse its discretion by reducing the penalty imposed by the sheriff, in light of Commission findings about such sentencing errors, and (2) the Commission correctly found that even though Gant stipulated to making the two errors charged as incompetence, there was additional evidence that she had been rated as "fully competent" in her most recent performance rating, and this completely undermined any basis for findings of incompetence.
As a whole, the record does not support Gant's contentions of error. We agree with the trial court that the Commission abused its discretion in reducing the penalty imposed and affirm the judgment granting the relief requested in the petition.

FACTUAL AND PROCEDURAL SUMMARY
Gant worked for the Sheriffs Office as a detention processing technician for about 10 years before being promoted to a supervisorial position in 1998. The record includes her performance evaluations from 1998 through 2005, which ranged from standard to fully competent. The evaluation methods were changed in 2002 to provide for various specific job performance factors to be evaluated and a cumulative numerical score to be assigned. She received a supplemental evaluation in 2002 because of some deficiencies that had been noted and her following evaluations rated her as fully competent. However, the 2004-2005 evaluation listed a number of areas in which improvement was needed, as will later be described. At that time, Gant was supervising seven detentions processing technicians or assistants.
The charges of incompetence leading to this hearing arose from sentencing calculations *87 in two individuals' cases. First, as to inmate Rosenbaum, in January 2005, Gant erroneously entered sentencing information into the Sheriffs computer system for custody determinations, which resulted in a calculation of custody time of 91 days rather than 57 days. Also, Rosenbaum was not afforded certain early release credits (kicks) that should have been given, according to instructional materials and clarification memos provided to employees. Routine booking jacket audits by seven other employees had not found this error through those quality assurance procedures, and those other employees who had failed to catch the error were also recommended for disciplinary action. When Gant discussed this sentencing error with the assistant manager of the inmate processing division, Ms. Navarro, she told Navarro that she was "shaky" on sentence computations.
In the fall of September 2004, Gant, acting in her supervisorial capacity, reviewed a sentence for inmate Smith, as calculated by a detention processing technician, and then changed it to incorrectly apply early release credits (kicks) and other credits. The result was that inmate Smith served fewer than the number of weekends that were specified in the sentencing order (20 consecutive weekends starting Sept. 11, 2004). This error was discovered by management and Gant explained that it had already been discovered by a different supervisor, Ms. Hord, and Gant believed that Hord would take care of it. However, over a two-week period, Gant never followed up to make sure that the error, which she had caused and learned about, was corrected, and it was not.
Internal affairs proceedings were conducted and Gant was served with an order of demotion and charges on October 6, 2005. The Sheriff relied on sections 7.2(a) and (s) of Rule VII of the County of San Diego Civil Service Rules, which state the following causes for employee disciplinary action: incompetency or the performance of any other act "that is incompatible with or inimical to the public service."
At the same time, Gant was appealing her 2004-2005 annual evaluation, which showed over 20 areas of performance as "needing improvement," specifically citing these two sentencing errors. The areas of recommended improvement included, among others, demonstrating required technical skills, keeping abreast of current procedures, exhibiting sound judgment, providing direction and monitoring progress, maintaining objectivity, completing tasks correctly and on time, maintaining quality of work, acting in accordance with management direction, and so forth. However, after the internal appeal, a "fully competent" evaluation was issued October 21, 2005, without deletion of any of the areas of recommended improvement.
Gant appealed her demotion to the Civil Service Commission, which sent the matter to a hearing officer, who took testimony and received exhibits. In addition to the order of demotion and charges, the record included documentation of two incidents of prior formal discipline, as follows. In October 2002, Gant received a formal reprimand for failing to promptly report to her supervisor two over-detentions that had occurred on her shift, which represented a repetition of prior errors for which she had been counseled. In May 2004, Gant received a pay step reduction for a failure to meet standards and insubordination (failure to maintain minimum staffing levels during the Thanksgiving 2003 holiday, contrary to written instructions).
At the hearing, Gant stipulated to the facts underlying the two incompetence causes (Rosenbaum and Smith), but did *88 not admit to conduct that was incompatible with or inimical to the public service." She argued that these types of erroneous sentencing calculations were common and other employees also made such errors. For example, other supervisors (Hord and Wagemaker) made sentence calculation errors and admitted these tasks were difficult, but they received lesser discipline than she did. The record showed that there had been many recent erroneous releases at the detention facilities around the same time as these problems (nine within the past three months). Gant also argued that the sentencing orders which must be interpreted are not consistent at this particular facility (Las Colinas), and in this disciplinary matter, she believed her supervisor was retaliating against her for comments she had made at a supervisors' meeting. Finally, she relied on her recent "fully competent" performance evaluation as a supervisor.
The Sheriff opposed the appeal, taking the position that even though the performance evaluation probably erroneously reflected that Gant was a fully competent supervisor, that was not the determinative factor in light of the record as a whole. Rather, the Sheriff argued that demotion should be upheld in light of the well-established public policy that the overriding concern in employee discipline cases should be preventing harm to the public service, rather than protecting the employee's interests, and such sentencing errors were a serious matter and exposed the County to potential liability.
At the close of the evidence, the hearing officer ruled that as a direct result of the stipulated incompetence findings, Gant was also guilty of cause III, acts incompatible with and/or inimical to the public service. However, the hearing officer ruled that only because of the Department's own overall rating of Gant as a "fully competent" supervisor, despite the two incidents at issue, the penalty should be modified from a permanent demotion to a temporary demotion (4 months). The hearing officer questioned whether Gant had the traits required in a supervisory position, but confined his analysis to the specific charges. The hearing officer acknowledged that the employee's errors were serious and some level of discipline was appropriate, and concluded, "It is hoped that Employee will heed this recommendation as a strong warning to take corrective action regarding her repeated errors in judgment so that she may once again proceed on a positive career path."
In adopting the hearing officer's recommendations, the Commission found that the Sheriff had proved that Gant was guilty of acts incompatible with and/or inimical to the public service, but that the order of demotion and charges should be modified to a temporary demotion beginning from the date of service of that order until the date of that decision (4 months).
The Sheriff brought this petition for writ of administrative mandate, contending that his office should not be precluded from trying to raise its standards and that even if an inaccurate performance review had been conducted, the office should not be prevented from taking remedial action to protect the public. After oral argument, the trial court granted the petition, ruling that the Commission had abused its discretion when it modified Gant's demotion and reinstated her as a supervisor, in light of principles set forth in Hankla, supra, 34 Cal.App.4th at pages 1222-1223, 40 Cal. Rptr.2d 583. The court issued a statement of decision as follows: "To condone sentencing errors, failing to report over-detentions to supervisors and ignoring Department directives regarding staffing would directly result in harm to the inmates, departmental staff and the public at *89 large, me writ was issued accordingly and Gant appeals.

DISCUSSION

I

STANDARDS OF REVIEW
The Sheriff brought this petition under section 1094.5, to inquire into the validity of the Commission's administrative decision. The trial court was tasked with determining "whether there was any prejudicial abuse of discretion. Abuse of discretion is established if the respondent has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence." (§ 1094.5, subd. (b).) The trial court was correct in not utilizing the independent judgment test, since the governmental entity's interests in managing its department are not treated as fundamental rights. "`It is well-established that an employer's right to discipline or manage its employees ... is not a fundamental vested right entitling the employer to have a trial court exercise its independent judgment on the evidence. [Citations.]' [Citation.] Therefore, the trial court was required to utilize the substantial evidence test in reviewing the commission's decision. And on an appeal from the decision of the trial court, we review the administrative decision, not the superior court's decision, by the same standard-the substantial evidence test. [Citation.]" (County of Los Angeles v. Civil Service Commission (1995) 39 Cal. App.4th 620, 633, 46 Cal.Rptr.2d 256; first italics in original, second italics added.)
Under section 1094.5, subdivision (c), "abuse of discretion is established if the court determines that the findings are not supported by substantial evidence in the light of the whole record." Here, the issues are limited to whether the Commission abused its discretion when it reduced the discipline imposed upon Gant, to reinstate her as a supervisor after only a temporary suspension. As appellant, Gant seeks to have this court defer to the Commission's exercise of discretion and argues its decision not to uphold the permanent demotion based on incompetence was supported by substantial evidence in light of the whole record. Generally, some deference should be accorded to the Commission with respect to the degree of punishment imposed. (Lowe v. Civil Service Commission (1985) 164 Cal.App.3d 667, 677, 210 Cal.Rptr. 673.) In reviewing the record to evaluate this exercise of discretion, our focus should be on whether the commission appropriately performed its job in reviewing the manner of discipline imposed on the employee in light of the employer's administration of its own standards and rules. In Kolender v. San Diego County Civil Service Commission (2005) 132 Cal.App.4th 1150, 1157, 34 Cal. Rptr.3d 209 (Salenko), this court addressed the respective functions of the Sheriff (as a public employer) and of the Commission (in hearing an appeal from an employee discipline decision). We said that the appropriate approach appeared to be that "the Commission should independently review the facts and law, and the Sheriffs findings and final disciplinary order are not due substantial deference." (Ibid.)
Any such review must further be conducted in light of the principles set forth in Talmo v. Civil Service Commission (1991) 231 Cal.App.3d 210, 227, 282 Cal.Rptr. 240 (Talmo), as follows: "`The appellate court must determine whether the administrative agency exercised its discretion to an end or purpose not justified by all the facts and circumstances being considered.' [Citations.]" Moreover, "The agency's discretion is not unfettered, and *90 reversal is warranted when the administrative agency abuses its discretion, or exceeds the bounds of reason." (Kolender v. San Diego County Civil Service Commission (2005) 132 Cal.App.4th 716, 721, 34 Cal.Rptr.3d 1 (Berry) [Commission found to have abused its discretion in reducing employee's penalty for lying and covering up an incident of abuse].)
The specific criteria to be considered in evaluating a public employee discipline dispute include whether "the administrative decision manifests an indifference to public safety and welfare. `In considering whether such abuse occurred in the context of public employee discipline, we note that the overriding consideration in these cases is the extent to which the employee's conduct resulted in, or if repeated, is likely to result in, "[h]arm to the public service." [Citations.] Other relevant factors include the circumstances surrounding the misconduct and the likelihood of its recurrence.' [Citation.] The public is entitled to protection from unprofessional employees whose conduct places people at risk of injury and the government at risk of incurring liability. [Citation.]" (Hankla, supra, 34 Cal.App.4th 1216 at pp. 1222-1223, 40 Cal.Rptr.2d 583; relying on Skelly v. State Personnel Board (1975) 15 Cal.3d 194, 217-218, 124 Cal.Rptr. 14, 539 P.2d 774.)

II

CONTENTIONS
Gant argues that even in light of her stipulation that she made the subject sentencing errors, under the circumstances presented at the Commission hearing, demotion was excessive and the temporary demotion and reinstatement were appropriately ordered. In support, she contends: (1) these were rare and unusual sentencing cases, such that errors of this type were commonly made, and reflected sloppiness rather than dishonesty or other serious offenses; (2) other employees were treated differently and were not demoted even though sentencing errors were made; (3) since the Sheriff now claims her "fully competent" performance evaluation was inaccurate, his sloppiness should not be excused while hers is being penalized. (Kolender v. San Diego County Civil Service Commission, supra, 132 Cal.App.4th 1150, 1155, 34 Cal.Rptr.3d 209 (Salenko) [no abuse of discretion by the Commission in modifying and reducing discipline imposed by the Sheriff for an employee's sloppy and inaccurate reporting, due to mitigating factors].) She therefore contends that the Commission's interpretation of the evidence does not represent an abuse of discretion.
To argue otherwise, the Sheriff relies on the undisputed facts about the admitted errors made by Gant and her record of prior discipline. The Sheriff also admits there was clearly a disconnect between her level of performance and her rating as a "fully competent employee" in her annual evaluations. He therefore argues that when the record is reviewed as a whole, the rating itself does not take on the importance accorded to it by the Commission, in light of the rest of the factors considered in the evaluation. The important factor is not whether Gant's view of the minimal impact of her errors should prevail, but whether the Commission decision itself brought significant harm to the public service. Therefore, the Sheriff seeks to have this court take the same view of the record as did the trial court, to find an abuse of discretion by the Commission.

III

ANALYSIS
The essential facts are undisputed. Gant stipulated to the facts underlying the *91 two incompetence causes (Rosenbaum and Smith); the record showed that there had been numerous other erroneous releases of inmates during the same time period; other employees at the supervisorial level had also made mistakes; and Gant's prior incidents of discipline and most recent performance evaluation were in evidence in full. We accordingly assess the record for support for the Commission's decision, to determine whether any prejudicial abuse of discretion occurred, such as issuing an order or decision that is not supported by the findings. (§ 1094.5, subd. (c).)
When the Commission evaluates a public employer's decision to impose a degree of discipline on an employee, the Commission is required to determine whether "the administrative decision manifests an indifference to public safety and welfare." (Hankla, supra, 34 Cal.App.4th at pp. 1222-1223, 40 Cal.Rptr.2d 583.) On appeal, we inquire whether the Commission adequately addressed the possibility of harm to the public service from the employee's conduct, in light of all the circumstances surrounding the misconduct and the likelihood of recurrence. (Ibid.)
To assess the presence of these factors in this record, we first take note that erroneous sentencing calculations can undisputedly result in "[h]arm to the public service," in several ways: harm to the public's interests in ensuring that convicted persons will serve correct terms of custody, and also harm to a particular inmate's liberty interests if an error occurs. With respect to an obligation to protect the public from unprofessional employees whose conduct may place people at risk of injury or the government at risk of incurring liability, the Sheriff clearly has a duty to protect public safety, in this case by seeking to improve the overall accuracy of the sentencing calculations made by department employees pursuant to court orders. These public safety factors are entitled to full consideration by the Commission, even assuming the Sheriff is not entitled to "substantial deference" on such disciplinary decisions regarding detention facility employees. (Kolender v. San Diego County Civil Service Commission, supra, 132 Cal.App.4th 1150, 1157, 34 Cal. Rptr.3d 209 (Salenko).)
The parties take different views of the circumstances surrounding the misconduct and the likelihood of its recurrence. Gant may not rely on errors by fellow employees to excuse her own, since there was no adequate showing that those mistakes or consequences were comparable to those before the Commission. "When it comes to a public agency's imposition of punishment, 'there is no requirement that charges similar in nature must result in identical penalties.' [Citations.]" (Talmo, supra, 231 Cal.App.3d at pp. 230-231, 282 Cal.Rptr. 240.) Also, Gant has not attempted to claim that any selective or invidious discrimination was going on in terms of her penalty of demotion.
Next, the record reflects that Gant appealed her 2004-2005 evaluation and it was updated or revised to some extent, by being reissued after the demotion order and charges were served. The record also demonstrates that this completed evaluation is inconsistent on its face. It concludes that Gant was a "fully competent" supervisor, but the evaluation nevertheless listed numerous areas in which improvement was needed, and it contained many other negative comments. Gant's performance was specified to be less than satisfactory in 23 or 24 specific areas, including demonstrating required technical skills, keeping abreast of current procedures, exhibiting sound judgment, providing direction and monitoring progress, maintaining objectivity, completing tasks correctly and on time, quality of work, *92 acting in accordance with management direction, and so forth.
In addition to those itemized ratings, the evaluation includes comments that even though Gant has received training in these areas, she has failed to follow it and does not possess the knowledge required of the subordinate staff she supervises, as particularly shown by the two errors for which discipline was imposed. The evaluators also stated that Gant at times behaved in ways that causes others to lose respect and trust in her. This showed deficiencies in the areas of leadership as well as conflict resolution. Further, the evaluation states near the conclusion, "[S]he sometimes does not complete tasks correctly. Her quality of work needs improvement. At times her actions are not consistent with Departmental Mission, Vision and Core Value statements. At times she is not self-motivated, requiring guidance and direction to complete tasks."
We agree with the Sheriff that the categorical result of the evaluation (rating) must be read in light of the remainder of the evaluation that gave rise to it (commentary), such that the rating itself is not dispositive of all the issues in this case. The Commission abused its discretion by focusing only on its conclusion, which was not well supported by the body of the evaluation. Those 20 plus factors identified as "needing improvement" also strongly suggest, as part of the circumstances surrounding the misconduct, a clear likelihood of recurrence. These comments may not be entirely discounted merely because the rating is on its face favorable to the employee's position.
Moreover, in light of the stipulation to the facts underlying the two incompetence causes (Rosenbaum and Smith), and the significant prior discipline in matters posing a risk of harm to the public service, the record compels a finding that the Commission abused us discretion by singling out the admittedly inaccurate performance evaluation as supporting its decision to reduce the level of discipline to a temporary demotion. Such an interpretation of the evidence fails to adequately account for the overriding goal of preventing harm to the public service. (Hankla, supra, 34 Cal.App.4th at pp. 1222-1223, 40 Cal. Rptr.2d 583.) The findings are not supported by the evidence. We agree with the comments of the trial court in its statement of decision: "To condone sentencing errors, failing to report over-detentions to supervisors and ignoring Department directives regarding staffing would directly result in harm to the inmates, departmental staff and the public at large."

DISPOSITION
The judgment is affirmed. Each party to bear its own costs.
WE CONCUR: McINTYRE and AARON, JJ.
NOTES
[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.