Filed 3/3/26  California Highway Patrol v. Diaz CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| CALIFORNIA HIGHWAY PATROL, <br><br> Petitioner and Appellant, <br><br> v. <br><br> GERARD DIAZ, <br><br> Respondent. | B342782 <br><br> (Los Angeles County <br> Super. Ct. No. 23STCP00914) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Curtis A. Kin, Judge.  Affirmed.

Rob Bonta, Attorney General, Chris A. Knudsen, Assistant Attorney General, Kenneth C. Jones, Supervising Deputy Attorney General, and Jaclyn V. Younger, Deputy Attorney General, for Petitioner and Appellant.

Mastagni Holstedt and Steven W. Welty for Respondent.

The California Highway Patrol (CHP) terminated Gerard Diaz from his position for a single instance of misconduct. Diaz had falsely claimed 30 minutes of unearned overtime compensation. After he appealed the dismissal, the State Personnel Board (Board) reduced the penalty to a one-year suspension. CHP then filed an administrative mandate petition, arguing that the Board abused its discretion in determining a one-year suspension was the appropriate penalty for his misconduct. The trial court denied the petition. We affirm the judgment.

## BACKGROUND

I. *MAZEEP Detail*

CHP and the California Department of Transportation (Caltrans) entered into interagency agreements for traffic safety services, including the Maintenance Zone Enhanced Enforcement Program (MAZEEP) agreement. Under this agreement, CHP officers provided traffic safety services for Caltrans, and Caltrans, in turn, reimbursed CHP for the hours the officers worked, as well as for travel time to and from the worksite from the CHP office. CHP officers received overtime compensation for this voluntary assignment. Participating officers had to submit a CHP 415 form claiming overtime hours worked on the MAZEEP detail.

CHP's East Los Angeles Area (ELAA) office had a standard operating procedure to address overtime MAZEEP details. The policy provided, in part, "Officers working overtime such as . . . MAZEEP details shall remain available during the duration of the reimbursable contract. If Caltrans terminates a detail early due to unforeseen circumstances, but continues to pay [the officer] for the duration of the contract, the officer shall remain available to Caltrans by standing by at the office."

2

II.  *Diaz's Dismissal*

In 1996, Diaz began his career with the CHP as an officer and was assigned to the ELAA office after graduating from the CHP Academy.  On January 1, 2014, Diaz was promoted to sergeant and was assigned to the West Los Angeles Area office.  On January 1, 2015, Diaz was assigned back to the ELAA office.  While at the ELAA office, Diaz frequently worked overtime in the MAZEEP.  Diaz was aware of the requirements of the ELAA office's standard operating procedure for overtime compensation for a MAZEEP detail.

An independent audit of the MAZEEP at the ELAA office uncovered "numerous anomalies," and CHP initiated an investigation.  Diaz, along with other CHP officers, including sergeants, were investigated and interrogated.  During his interrogation, Diaz admitted, "There [are] possibly times that I might've left [an overtime shift] a little early . . . and went home."  April 17, 2017, was one such time.

On April 17, 2017, Diaz worked on a MAZEEP detail.  In a CHP 415 form, Diaz claimed that he worked six hours and thirty minutes of overtime that day, despite only working six hours.  Diaz was on his way home from the CHP office for the remaining 30 minutes of the MAZEEP detail.  For the additional 30 minutes of overtime he did not work, Diaz received $48.65 in compensation.

On November 25, 2019, CHP served Diaz with a Notice of Adverse Action.  He was charged with inexcusable neglect of duty, dishonesty, misuse of state property, engaging in incompatible activities, and other failure of good behavior.  The penalty was dismissal, effective December 18, 2019.  Diaz had previously been disciplined for an off-duty arrest for driving under the influence (DUI) on March 22, 2017.

3

III. *Administrative Appeal*

On January 15, 2020, Diaz appealed his dismissal to the Board. An administrative law judge (judge) presided over the evidentiary multiday hearing.

On November 17, 2022, the judge issued a proposed decision, sustaining all the charges. The penalty was modified from dismissal to a one-year suspension. The judge determined that Diaz's misconduct was dishonest and as a peace officer, he caused serious harm to the public service. In addition, Diaz's actions resulted in and, if repeated, were likely to result in harm to the public service. However, the judge stated that "each individual case of alleged wrongdoing and the appropriate discipline to be administered must be assessed based upon the totality of the circumstances." Thus, one instance of misconduct (claiming 30 minutes of overtime he did not work) over a 24-year career with the CHP did not warrant dismissal. Moreover, CHP did not charge Diaz with misconduct pertaining to any MAZEEP detail other than on April 17, 2017, despite the fact that he worked numerous details before and after that date. In addition, "Diaz broke down during his testimony and expressed extreme and sincere remorse for his actions. He struggled to hold back tears and maintain his composure." These facts strongly suggest that Diaz "learned from his mistake and the likelihood that he will engage in future misconduct is low."

The judge also found Diaz received only one prior disciplinary action in his long career, which was unrelated to the conduct at issue. Furthermore, Diaz's lengthy service to the CHP was deserving of consideration and one instance of dishonesty does not warrant discharge in every circumstance. Although Diaz was a sergeant with supervisory responsibilities, the judge found that "given the limited and singular nature of his offense, the low

4

likelihood of recurrence, and his long devotion to public service as a CHP peace officer, a dismissal is out of proportion to the proven misconduct." Therefore, the imposition of a one-year suspension resulting in the loss of a year's salary was "just and proper under the circumstances." The judge noted that suspension would impart upon Diaz that dishonest behavior by a CHP sergeant was "condemnable and will always be deserving of a severe penalty up to and including dismissal."

On January 25, 2023, the Board adopted the proposed decision sustaining all charges against Diaz and modifying the penalty to a one-year suspension.

IV.    *Administrative Mandamus Proceeding*

On March 22, 2023, CHP filed a petition for writ of administrative mandate in the trial court, contending that the Board abused its discretion in reducing the penalty to a one-year suspension. (Code Civ. Proc., § 1094.5.) On September 17, 2024, the trial court adopted its tentative ruling denying the writ petition.

**DISCUSSION**

The sole issue on appeal is whether the Board abused its discretion in determining Diaz should be disciplined with a one-year suspension for his misconduct rather than a dismissal.

"'[In] a mandamus proceeding to review an administrative order, the determination of the penalty by the administrative body will not be disturbed unless there has been an abuse of its discretion.'" (*Skelly v. State Personnel Bd.* (1975) 15 Cal.3d 194, 217 (*Skelly*); *County of Los Angeles v. Civil Service Com. of County of Los Angeles* (2019) 40 Cal.App.5th 871, 877 (*County*).) In

5

considering whether an abuse of discretion occurred, "the overriding consideration . . . is the extent to which the employee's conduct resulted in, or if repeated is likely to result in, '[harm] to the public service.' [Citations.] Other relevant factors include the circumstances surrounding the misconduct and the likelihood of its recurrence." (*Skelly, supra*, 15 Cal.3d at p. 218.) If reasonable minds may differ as to the propriety of the penalty, there is no abuse of discretion. (*County, supra*, at p. 877 ["Only in an exceptional case will an abuse of discretion be shown because reasonable minds cannot differ on the appropriate penalty"].)

"Peace officers specifically are held to higher standards of conduct than civilian employees, and dishonesty by law enforcement personnel is considered to be highly injurious to their employing agencies." (*County, supra*, 40 Cal.App.5th at p. 878.) The Board's written decision reflects it understood the ramifications of Diaz's dishonesty as a peace officer. We too do not minimize Diaz's dishonest behavior. We agree with the Board that his misconduct was serious and harmed the public service. While some acts of dishonesty may be so egregious as to warrant dismissal, we find no basis to require that all acts of dishonesty be treated equally.

The dishonesty at issue here (one instance of falsely claiming 30 minutes of overtime compensation) is not comparable to the misconduct involved in the authorities cited by CHP. (See, e.g., *Paulino v. Civil Service Com*. (1985) 175 Cal.App.3d 962, 972 [upholding dismissal of deputy sheriff who falsely reported ill on certain days, and provided false statements and omitted material facts in oral and written reports]; *Christal v. Police Com. of San Francisco* (1939) 33 Cal.App.2d 564, 566-567 [dismissal of officers upheld after they refused to appear before a grand jury to answer questions about corruption and receipt of bribes]; *Wilson v. State Personnel Bd.* (1976) 58

6

Cal.App.3d 865, 882 [upholding dismissal of a Department of Fish and Game warden who, among other things, falsely reported eight hours of overtime]; *Kolender v. San Diego County Civil Service Com.* (2007) 149 Cal.App.4th 464, 471 [upholding dismissal of a correctional officer for lying to protect a coworker who harmed an inmate]; *Gee v. California State Personnel Board* (1970) 5 Cal.App.3d 713 [upholding dismissal for auditor's false statements on transfer application for alcohol license].) These cases do not compel the conclusion that dismissal is the only appropriate penalty for a single act of dishonesty irrespective of the circumstances. To the contrary, nothing prevents the Board from considering mitigating circumstances in determining the appropriate penalty for an act of dishonesty. As noted by the Board, "each individual case of alleged wrongdoing and the appropriate discipline to be administered must be assessed based upon the totality of the circumstances."

Here, Daiz's discipline is based on a single instance of claiming 30 minutes of unearned overtime compensation, amounting to $48.65. Based on this one incident, it was not unreasonable for the Board to find that he was unlikely to engage in future and/or more serious misconduct. The Board emphasized Diaz's long tenure with CHP and that Diaz had received high praise for his work performance. The Board also found that Diaz expressed "extreme and sincere remorse," which strongly suggested that Diaz "learned from his mistake and the likelihood that he will engage in future misconduct is low." The assertion that Diaz's one instance of dishonest conduct will amount to a litany of further wrongdoing is mere speculation. CHP argues that Diaz admitted during his interrogation that there were times when he may have left an overtime shift a little early. However, Diaz admitted that it was only a possibility. In any event, CHP did not charge Diaz with more

7

than one false claim of overtime for MAZEEP detail.  Diaz's statement is not sufficient to attribute a pattern and practice of dishonesty.  We also agree with the Board that Diaz's prior discipline for an off-duty arrest for a DUI was unrelated to the dishonesty at issue here.  Therefore, we conclude that the Board did not abuse its discretion in imposing a one-year suspension for Diaz's misconduct.

## DISPOSITION

The judgment is affirmed.  Diaz is awarded costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, P. J.

WE CONCUR:


COLLINS, J.


TAMZARIAN, J.

8