Filed 6/29/26  County of Mariposa v. Dept. of Human Resources CA3

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| COUNTY OF MARIPOSA,<br>        Plaintiff and Appellant,<br><br>        v.<br><br>DEPARTMENT OF HUMAN RESOURCES,<br>        Defendant and Respondent;<br><br>MARIO DEJESUS,<br>        Real Party in Interest and Respondent. | C101902<br><br>(Super. Ct. No. 34-2023-80004068-CU-WM-GDS) |

County of Mariposa (Mariposa) fired Mario DeJesus following his inappropriate conduct toward female coworkers, and the California Department of Human Resources (CalHR) upheld the decision.[1]  DeJesus successfully petitioned for a writ of mandate, however, and on remand, CalHR vacated the firing and ordered a demotion and one-year suspension.  Mariposa challenged the modified order by writ petition, but the trial court denied relief.

---

[1] Mariposa's disciplinary decision was subject to review by CalHR based on the County's participation in a Local Agency Personnel System.  (Gov. Code, § 19803, subd. (a); Cal Code Regs., tit. 2, §§ 17011, subds. (c), (d), (e), 17044, 17045.)

1

Mariposa now contends (1) CalHR abused its discretion in imposing a demotion and suspension because such discipline is inconsistent with findings that DeJesus harassed coworkers and is likely to reoffend; and (2) DeJesus violated the Administrative Procedures Act (APA) by sending an improper ex parte communication, and CalHR erred when it failed to hold a new hearing.[2]

We conclude (1) CalHR did not abuse its discretion in imposing the demotion and suspension, and (2) the response to the ex parte communication complied with Government Code section 11430.50 and Mariposa has not established a ministerial duty to hold a new hearing. Accordingly, we will affirm the judgment.

BACKGROUND

The following facts are drawn primarily from the decision of the Administrative Law Judge (ALJ) dated June 16, 2022.

DeJesus began working as an Eligibility Specialist Supervisor for Mariposa's Health & Human Services Agency in October 2017. He supervised five employees.

Alexandra Hernandez, a Staff Services Analyst for Mariposa, did not work in DeJesus's unit, but she felt uncomfortable when DeJesus confronted her about not responding to his text message asking whether she had arrived home safely after training off-site. She told DeJesus she did not need anyone to check up on her. On another occasion, DeJesus told Hernandez a Bruno Mars song titled "Just the Way You Are" reminded him of her, and DeJesus played the song for Hernandez. The song contained the lyrics, "Her lips, her lips, I could kiss them all day if she'd let me, Her laugh, her

---

[2] We granted the application of the California State Association of Counties (the Association) to submit an amicus curiae brief in support of Mariposa, and we have considered that brief and the reply by DeJesus. The Association is a non-profit corporation whose membership consists of the 58 counties. The Association argues the reinstatement of DeJesus would violate public policy, have a detrimental impact on employee morale and productivity, expose Mariposa to liability, and set a bad precedent in other CalHR cases.

laugh she hates but I think it's so sexy, She's so beautiful, and I tell her everyday." Hernandez told DeJesus his conduct was inappropriate and she stopped taking breaks with him.

DeJesus began glaring at Hernandez, and she asked to move her workstation away from his desk. About a year later, DeJesus asked to take Hernandez to lunch for her birthday. DeJesus appeared angry when Hernandez declined the invitation, and he glared at Hernandez throughout the day. Hernandez began seeing a counselor due to the anxiety caused by DeJesus's conduct.

At the administrative hearing, DeJesus claimed he did not recall the texting incident Hernandez described. He denied telling Hernandez the Bruno Mars song reminded him of her. He said Hernandez did not tell him his behavior was inappropriate. He admitted offering to buy Hernandez a birthday lunch but denied that he got upset or glared at Hernandez.

DeJesus texted Alicia Finley, an Eligibility Supervisor for Mariposa, at least three times after a business trip asking whether she had returned home. Like Hernandez, Finley was not supervised by DeJesus. Finley told DeJesus his text messages were overbearing. At some point, DeJesus told Finley his wife would not approve of him interacting with beautiful women. He said he had to delete text messages on his phone so his wife would not see them. Later, when Finley went for coffee in DeJesus's car, DeJesus said a song playing on the radio titled "You're Beautiful" reminded him of Finley. The song contained the lyrics, "You're beautiful, you're beautiful, you're beautiful, it's true, I saw your face in a crowded place, And I don't know what to do, cause I'll never be with you." Finley reminded DeJesus of their work relationship boundaries. DeJesus denied making the remarks Finley attributed to him.

Health and Human Services Assistant Director Joe Lynch, and DeJesus's supervisor, Deputy Director Rebecca Maietto, met with DeJesus on April 30, 2019, to discuss DeJesus's conduct with female employees. Lynch directed DeJesus to change

3

his behavior and to stop making women uncomfortable. DeJesus claimed his actions were misinterpreted. At a subsequent meeting, he said people were out to get him. A few days later, DeJesus accused Lynch of harassing him and discriminating against him based on age, race and gender.

Mariposa retained a third-party investigator to investigate DeJesus's accusations against Lynch and the complaints against DeJesus. The investigator completed her written report on June 27, 2019. The investigator found that DeJesus became frustrated when Hernandez did not immediately respond to his text messages; DeJesus played the Bruno Mars song for Hernandez because he said the song reminded him of Hernandez; and DeJesus repeatedly asked Hernandez whether he could take her out to celebrate her birthday and became upset when she declined his invitation. The investigation also substantiated Hernandez's claim that DeJesus glared at her. The investigation further found that DeJesus played the song "You're Beautiful" for Finley. DeJesus's claims against Lynch were not substantiated.

On August 21, 2019, Mariposa issued a notice of intent to terminate DeJesus based on his repeated, inappropriate conduct toward Hernandez, Finley, and three other women in the workplace: Misty Freeman, Kathryn Berry, and Andrea Powell. Following a *Skelly*[3] hearing, on November 8, 2019, Mariposa issued a final notice to terminate DeJesus's employment. In particular, Mariposa found that DeJesus engaged in (1) discourteous, offensive, or abusive conduct toward other employees, (2) harassment or other violations of Mariposa's anti-harassment policy, and (3) other conduct that caused discredit to Mariposa. It was alleged that DeJesus harassed and retaliated against Hernandez, harassed Finley and Berry, and retaliated against Powell. Health and Human

---

[3] *Skelly v. State Personnel Board* (1975) 15 Cal.3d 194.

Services Agency Director Chevon Kothari signed the notice of intent to terminate and the final notice to terminate.

DeJesus appealed from the termination decision. An appeal hearing was held before an ALJ. Hernandez, Finley, Lynch, and Kothari testified for Mariposa. DeJesus testified. Three female employees who DeJesus had supervised testified for DeJesus. The investigator's written report, and a written summary of the *Skelly* hearing, were admitted into evidence without objection.

The ALJ found DeJesus not credible. Her proposed decision concluded the following. Mariposa did not sustain its burden of proving its allegations involving Powell. DeJesus's conduct toward Hernandez and Berry violated Mariposa's anti-harassment policy. His conduct toward Freeman and Finley violated Mariposa's policies. None of DeJesus's alleged conduct served to further a legitimate business interest. With regard to conduct involving Freeman and Berry, the ALJ relied on the investigator's report. The ALJ concluded that termination was the just and proper disciplinary action for DeJesus's misconduct. CalHR adopted the ALJ's proposed decision.

DeJesus filed a petition for rehearing. Among other things, he argued the ALJ erred in relying on hearsay statements by Freeman, Powell, and Berry. CalHR denied the petition for rehearing.

DeJesus then filed a petition for writ of mandate in the trial court. The trial court granted the petition in part. It concluded that DeJesus timely objected to hearsay attributed to Freeman and Berry and the ALJ improperly relied on such evidence. The trial court ruled that the evidence supported the finding that DeJesus's conduct toward Hernandez violated Mariposa's anti-harassment policy, but the ALJ's decision was inadequate to conduct meaningful judicial review regarding DeJesus's conduct toward Finley. The matter was remanded for further findings. The trial court further ruled that the evidence on which the ALJ relied did not support a finding of severe or pervasive conduct sufficient to create a hostile work environment for Hernandez

5

or Finley under state and federal law. It concluded the evidence supported the finding of a high likelihood that DeJesus's conduct would reoccur. The trial court issued a peremptory writ of mandate requiring CalHR to set aside its decision, reconsider the action in light of the trial court's ruling, and take any further action specially enjoined by law, but the writ did not limit or control the discretion vested in CalHR. CalHR set aside its decision and ordered reconsideration of its decision.

On remand, the ALJ informed counsel for DeJesus and Mariposa that the matter would be referred to the Office of Administrative Hearings for a new hearing. DeJesus's counsel sent counsel for Mariposa and CalHR an e-mail on the date of the pre-hearing conference, asserting that the trial court did not order a new hearing. On the same date, he sent CalHR Director Eraina Ortega a letter reiterating that the trial court ordered CalHR to reconsider its action, not conduct a new hearing. A copy of the April 11, 2022 letter was not sent to Mariposa at the time it was sent to Ortega.

On May 13, 2022, counsel for CalHR informed the parties that CalHR would not conduct a new hearing. A May 19, 2022 letter from the ALJ informed the parties that the matter would not be referred to the Office of Administrative Hearings and the ALJ would issue a new decision. CalHR served the parties with the ALJ's new decision on June 21, 2022.

The ALJ found DeJesus not credible and Hernandez and Finley credible. She concluded DeJesus's conduct toward Hernandez and Finley was abusive conduct, as defined in Mariposa's policy, and violated Mariposa's policy against sexual harassment. The ALJ did not state that DeJesus engaged in illegal sexual harassment, as Mariposa contends. The ALJ found that DeJesus engaged in conduct causing discredit to Mariposa in that he made unwanted sexual advances toward Hernandez and Finley and his conduct served no legitimate purpose. The ALJ found the allegations involving Freeman, Berry, and Powell were not substantiated by the evidence. She

6

imposed a one-year suspension and a demotion to the position of Eligibility Worker. CalHR adopted the ALJ's proposed decision.

Mariposa filed a petition for rehearing with CalHR, arguing that allowing DeJesus to return to work despite the finding that he had engaged in sexual harassment was unreasonable, and that the ALJ had denied Mariposa due process of law by not allowing it to cure certain deficiencies when DeJesus lodged hearsay objections after the hearing.

On September 1, 2022, DeJesus's counsel sent counsel for Mariposa and CalHR a copy of a motion to compel filed by DeJesus which included a copy of the April 11, 2022 letter to Ortega. Mariposa filed a supplemental petition for rehearing based on the April 11, 2022 letter, arguing the letter had been an improper ex parte communication.

In a letter dated September 27, 2022, the ALJ provided a copy of the April 11, 2022 letter to Mariposa, allowed Mariposa to submit a response, and made the April 11, 2022 letter part of the administrative record. Mariposa submitted a written response to the April 11, 2022 letter. CalHR denied Mariposa's petition for rehearing.

On January 9, 2023, Mariposa filed a petition for writ of mandate in the trial court, seeking to compel CalHR to set aside its decision and sustain Mariposa's termination decision or order a new hearing. The petition argued CalHR abused its discretion in reducing DeJesus's discipline and that it had a clear, mandatory, and ministerial duty to order a new hearing because of the ex parte communication. CalHR and DeJesus opposed the writ petition.

The trial court denied Mariposa's petition. It found no abuse of discretion in CalHR's decision to impose a demotion and suspension. It determined the April 11, 2022 letter to Ortega was an ex parte communication but there was no violation of the APA. It further concluded that even if CalHR had violated the APA, Mariposa could not show that a new hearing was required.

DISCUSSION

I

Mariposa contends CalHR abused its discretion in imposing a demotion and suspension because such discipline is inconsistent with the findings that DeJesus harassed coworkers and is likely to reoffend.

Mariposa sought a writ of administrative mandate pursuant to Code of Civil Procedure section 1094.5 requiring CalHR to set aside its decision to impose the demotion and suspension. In a mandamus proceeding challenging an agency's decision to impose a particular discipline, we will not disturb the agency's determination unless a clear abuse of discretion is shown, recognizing that agencies have broad discretion in determining discipline. (*Barber v. State Personnel Board* (1976) 18 Cal.3d 395, 404 (*Barber*); *County of Los Angeles v. Civil Service Com. of County of Los Angeles* (2019) 40 Cal.App.5th 871, 877 (*County of Los Angeles*); *County of Siskiyou v. State Personnel Bd.* (2010) 188 Cal.App.4th 1606, 1609 (*County of Siskiyou*) [emphasizing the limited role a court has in reviewing an administrative decision regarding discipline]; *Talmo v. Civil Service Com.* (1991) 231 Cal.App.3d 210, 226, 230.) Abuse of discretion is established if the agency has not proceeded in the manner required by law, its order or decision is not supported by the findings, or its findings are not supported by the evidence. (Code Civ. Proc., § 1094.5, subd. (b).)

On appeal, we compare the agency's findings and the discipline imposed "to ensure that the findings are not 'inconsistent with [the agency's] action in reducing the penalty,' resolving all reasonable doubts in favor of the administrative decision." (*County of Los Angeles, supra*, 40 Cal.App.5th at p. 877; see *County of Santa Cruz v. Civil Service Commission of Santa Cruz* (2009) 171 Cal.App.4th 1577, 1584.) We do not substitute our judgment for that of the agency concerning the degree of discipline to impose but must uphold the discipline chosen if there is any reasonable basis to sustain it. (*Barber, supra*, 18 Cal.3d at p. 404; *County of Los Angeles*, at pp. 877-878; *Cate v. State*

8

*Personnel Bd.* (2012) 204 Cal.App.4th 270, 284 (*Cate*); *Deegan v. City of Mountain View* (1999) 72 Cal.App.4th 37, 46 (*Deegan*).) "Only in an exceptional case will an abuse of discretion be shown … ." (*County of Los Angeles*, at p. 877.) If reasonable minds might differ as to the propriety of the discipline imposed, we may not interfere with the agency's choice of discipline simply because, in our evaluation of the circumstances, a more harsh or more lenient penalty is more appropriate. (*County of Siskiyou, supra*, 188 Cal.App.4th at pp. 1609, 1615; *Brown v. Gordon* (1966) 240 Cal.App.2d 659, 667.) We are not bound by the trial court's assessment of whether abuse of discretion has been shown. (*Cate*, at p. 284; *Deegan*, at p. 47.)

DeJesus's conduct was improper and discipline was appropriate. The discipline imposed was substantial, and the decision to demote DeJesus to a different, nonsupervisory position, with a one-year suspension, was not clearly inconsistent with Mariposa's policies and not clearly against reason. Mariposa's anti-harassment policy provided for, among other things, discipline designed to stop the inappropriate conduct. Kothari was unaware of any other similar incident following the April 30, 2019 meeting with Lynch and Maietto. Mariposa's discipline policy called for progressive discipline, and there was no finding that prior counseling or discipline had been imposed. Under the circumstances, it was not an abuse of discretion to determine that placing DeJesus in a different, nonsupervisory position, with a lengthy suspension, would be an appropriate step to stop the improper conduct. (*County of Siskiyou, supra*, 188 Cal.App.4th at p. 1609, 1615; *Department of Parks & Recreation v. State Personnel Bd.* (1991) 233 Cal.App.3d 813, 833-834.)

Mariposa contends the trial court incorrectly treated the County's argument of inconsistency as abandoned. But our review is de novo and we are not bound by the trial court's order. (*Cate, supra*, 204 Cal.App.4th at p. 284; *Deegan, supra*, 72 Cal.App.4th at p. 47.)

## II

Mariposa further asserts that DeJesus violated the APA by sending an improper ex parte communication, and that CalHR erred when it failed to hold a new hearing.

Mariposa sought a writ of mandate under Code of Civil Procedure section 1085 to require CalHR to conduct a new hearing because of an improper ex parte communication. "[A] writ of mandate under section 1085 is available where the petitioner has no plain, speedy and adequate alternative remedy; the respondent has a clear, present and usually ministerial duty to perform; and the petitioner has a clear, present and beneficial right to performance." (*Conlan v. Bonta* (2002) 102 Cal.App.4th 745, 752.) "A ministerial duty is an act that a public agency is required to perform in a prescribed manner under the mandate of legal authority without the exercise of judgment or opinion concerning the propriety of the act." (*California Privacy Protection Agency v. Superior Court* (2024) 99 Cal.App.5th 705, 721.) In a mandamus proceeding under Code of Civil Procedure section 1085, we review the trial court's factual findings for substantial evidence and its resolution of legal issues de novo. (*California Privacy Protection Agency,* at pp. 721-722; *CV Amalgamated LLC v. City of Chula Vista* (2022) 82 Cal.App.5th 265, 280.)

An administrative body conducting an adjudicative proceeding must comply with Government Code section 11430.10 et seq. (Gov. Code, §§ 11400, subd. (a), 11405.20, 11425.10, subd. (a)(8).) Those provisions prohibit ex parte contact between parties and decision-makers during administrative adjudicative proceedings. (*Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2006) 40 Cal.4th 1, 9.) Except in circumstances not shown to be applicable here, while a proceeding is pending, an interested person outside the agency may not communicate with the presiding officer or agency head regarding any issue in the proceeding without notice and opportunity for all parties to participate in the communication. (Gov. Code, §§ 11430.10, subd. (a), 11430.20, 11430.70, subd. (a).)

If the presiding officer receives a written communication in violation of Government Code section 11430.10 et seq., the presiding officer must make the writing and any written response part of the record, notify all parties that an ex parte communication has been made a part of the record, and if a party requests an opportunity to address the communication, within 10 days after receipt of notice of the communication, the party must be allowed to comment on the communication. (Gov. Code, § 11430.50.) The presiding officer may also allow the party to present evidence concerning the subject of the communication and reopen a hearing that has been concluded. (Gov. Code, § 11430.50, subd. (c).)

In April 2022, CalHR was reconsidering its decision as ordered by the trial court. The matter was before the ALJ. The April 11, 2022 letter to Ortega involved whether CalHR could order a new hearing, an issue in the proceeding. The letter was a communication by an interested person outside the agency (DeJesus's counsel) to an agency head (CalHR Director Ortega) about an issue in a pending adjudicative proceeding. DeJesus's counsel conceded he did not send a copy of his April 11, 2022 letter to Mariposa when he sent the letter to Ortega. The trial court properly found that the April 11, 2022 letter was an ex parte communication prohibited under Government Code sections 11430.10 and 11430.70. There is no contention that an exception to the prohibition applies.

Mariposa sought relief from CalHR for the improper ex parte communication in a supplemental petition for rehearing dated September 14, 2022. As the trial court found, nothing in the record shows that the person presiding over the adjudicative proceeding -- ALJ Karla Broussard-Boyd -- was aware of the April 11, 2022 letter before the filing of the supplemental petition for rehearing.

The ALJ informed the parties, by letter dated September 27, 2022, that she learned the April 11, 2022 letter was sent to Ortega but not provided to Mariposa at the time of the communication. During oral argument, Mariposa urged that the ALJ letter indicated

11

the ALJ was aware of the April 11 letter before September 27, but did not know a copy of the April 11 letter was not provided to Mariposa at the time it was sent to Ortega. However, the ALJ's September 27 letter did not state that the ALJ was aware of the April 11 letter before the filing of the supplemental petition for rehearing, there is nothing in the record evidencing any such prior knowledge by the ALJ, and we decline to speculate on the matter.

The ALJ provided a copy of the April 11, 2022 letter to Mariposa, allowed Mariposa to provide a response, and made the letter part of the administrative record. Counsel for Mariposa subsequently provided a written response to the April 11, 2022 letter. The ALJ's response to the ex parte communication complied with Government Code section 11430.50. (Gov. Code, §§ 11430.70, 11430.50.) Mariposa claims the ALJ's actions were ineffectual because the decision not to conduct a new hearing had already been finalized. But in September 2022, Mariposa's renewed request for a new hearing was pending before the ALJ.

Mariposa asserts that the APA also applied to Ortega. We agree the prohibition against ex parte communications in Government Code section 11430.10 applied to Ortega. (Gov. Code, § 11430.70, subd. (a).) However, Government Code section 11430.50 did not require action by a certain time, there is no evidence Ortega was involved in deciding not to conduct a new hearing, Mariposa's request for a new hearing was pending with the ALJ in September 2022, Government Code section 11430.50 required a presiding officer to take certain actions, and the ALJ took those actions.

Nothing in Government Code section 11430.10 et seq. required the ALJ to order a new hearing in response to an ex parte communication. And the writ issued by the trial court did not mandate a new hearing. Mariposa has not established a clear, present and ministerial duty to order a new hearing based on the ex parte communication, or that the trial court erred in denying its petition for writ of mandate under Code of Civil Procedure section 1085.

12

DISPOSITION

The judgment is affirmed.

/S/
MAURO, J.

We concur:

/S/
ROBIE, Acting P. J.

/S/
WISEMAN, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.